[No. 6,745.—Department Two.]

MARY A. HARKER ET AL. *v.* JANE W. CLARK, AD-
MINISTRATRIX.

ACTION—PERSONAL INJURY—DEATH.—A right of action for wrongful im-
prisonment ceases with the death of the wrong-doer.

APPEAL from a judgment in the Twelfth District Court,
City and County of San Francisco.   DAINGERFIELD, J.

*P. B. Ladd,* for Appellants.

The rule is settled, both in England and in the old States, that
such an action as the one at bar survives *in favor of the estate*
of the party injured.

There being no justice in such a rule that saves the right of
action in *favor of an estate,* and denies the *same* action when
brought *against the estate,* the statute in California places both
on the same footing.   (Code Civ. Proc. § 1584.)

*Gray & Haven,* for Respondent.

At common law, the traverse to plaintiffs' declaration in such
an action would be "not guilty"; and no action founded in
tort, in which the plea was "not guilty," was held to survive
against the administrator of the tort feasor.   (*Nicholson* v.
*Elton,* 13 Serg. & R. 416.)

MYRICK, J.:

The complaint avers, that defendant's intestate in his life-
time, without probable cause, commenced a suit against plaint-
iff, and procured an order for the issuance of a writ for the
arrest, detention, and imprisonment of the plaintiff Mary A.
Harker, by virtue of which writ she was arrested and impris-
oned until such arrest and imprisonment was adjudged to be
without authority of law ; and that in procuring her release she
was compelled to and did employ an attorney, and paid him for
his services therein $500.   The complaint also avers the death
of the intestate, the appointment of defendant as administratrix,
and the presentation and disallowance of a claim for the $500.

To the complaint the defendant demurred on the ground, among others, that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and thereupon judgment went for defendant.

This action is clearly within the maxim, " a personal right of action dies with the person," unless the right of action has been kept alive by some statute. (Broom's Legal Maxims, p. 869, etc.; 6 Wait's Prac. 329, and cases there cited.) The statute under which the plaintiff claims a right to recover is § 1584, Code of Civil Procedure, by which a person " may maintain an action against the executor or administrator of any testator or intestate who, in his lifetime, has wasted, destroyed, taken or carried away, or converted to his own use the goods or chattels of any such person." The intestate Clark did not, by the arrest or imprisonment, or by thereby compelling the plaintiff Mary A. Harker to pay $500 to her attorney, waste, destroy, take or carry away, or convert to his own use the goods or chattels of said Mary A. Harker.

Judgment affirmed.

MORRISON, C. J., and THORNTON, J., concurred.