[No. 10252.  Department Two.  July 8, 1912.]

HILTA RINKER, as *Administratrix etc.*, *Appellant*, v.
M. P. HURD, as *Administrator etc.*, *Respondent*.[1]

ABATEMENT AND REVIVAL—ACTION FOR DEATH—ABATEMENT— DEATH OF WRONGDOER.  Under Rem. & Bal. Code, § 183, providing that a cause of action for death by wrongful act or neglect of another may be maintained by heirs or personal representatives against the person causing the death, and Id., § 967, providing that all other causes of action by one person against another survive to the personal representatives of the former against the personal representatives of the latter, a cause of action for wrongful death survives only against the wrongdoer and abates upon his death.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered September 21, 1911, dismissing an action for wrongful death, upon sustaining a demurrer to the complaint.  Affirmed.

*G. D. Eveland*, for appellant.

*Thomas Smith*, for respondent.

MOUNT, J.—In this case, the trial court sustained a demurrer to the complaint.  The plaintiff elected not to plead further, and the action was dismissed.  This appeal followed.

[1]Reported in 124 Pac. 687.

The complaint shows, that Otis N. Weeden wrongfully killed John R. Rinker; that shortly thereafter Otis N. Weeden died; that after his death, the administratrix of the estate of Rinker brought this action against the administrator of the estate of Weeden, to recover damages for the wrongful death of Rinker. The only question is whether the cause of action for the tort abated upon the death of the wrongdoer. The trial court held that the cause of action abated. Appellant argues that the cause of action survived to the personal representatives of Rinker and against the personal representatives of Weeden, under the provisions of Rem. & Bal. Code, § 967, which provides:

"All other causes of action [than those enumerated in section 183, *supra*] by one person against another, whether arising on contract or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter. Where the cause of action survives, as herein provided, the executors or administrators may maintain an action at law thereon against the party against whom the cause of action accrued or, after his death, against his personal representatives."

Section 183 referred to provides:

"When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death."

It seems plain from this provision that the cause of action survives only against the person causing the death. It does not survive against his estate. Section 967 relied upon by the appellant refers to "*all other causes of action*," excepting from its terms causes referred to in § 183, of which this is one. This question was decided in *Jones v. Miller*, 35 Wash. 499, 77 Pac. 811, where we said, referring to § 967, *supra*:

"When we read this section as if it stood alone, and apart from its context, it doubtless bears the construction put upon it, but we held in *Slauson v. Schwabacher Bros. & Co.*, 4 Wash. 783, 31 Pac. 329, 31 Am. St. 948, that it had no such

meaning.  There we said that the legislature, when it enacted this section, was legislating with reference to causes of action which had already survived, and was not attempting to announce what causes of action should survive; and, further, that if the contrary contention were correct, there was no limit whatever to causes which would survive the death of the person injured; 'for causes of action for assault, slander, and for other purely personal causes, would survive; and this would be so wide a departure from the established rule that the legislature would hardly be deemed to have intended it without plainly expressing such intention.' That this is the correct construction of the statute is made clear by reading it in connection with the act of which it formed a part when originally enacted, and being so, it does not warrant the holding that causes of action, such as the one at bar, survive to heirs and personal representatives."

This is decisive of the question, and we deem it unnecessary to notice cases upon this point in other jurisdictions.  The court therefore properly sustained the demurrer.

The judgment is affirmed.

FULLERTON, MORRIS, ELLIS, and CROW, JJ., concur.