[Sac. No. 2292. In Bank.—June 29, 1915.]

MARIE, CLARK, Appellant, v. NAHUM C. GOODWIN et al., Administrators With the Will Annexed of the Estate of Jeremiah S. Goodwin, Deceased, Respondents.

DAMAGES FOR DEATH—ACTION AGAINST PERSONAL REPRESENTATIVES OF WRONGDOER—ABATEMENT UPON DEATH PRIOR TO ACTION BROUGHT. An action for damages for the death of the husband of plaintiff given by section 377 of the Code of Civil Procedure cannot be maintained against the personal representatives of the person causing

such death when not commenced in the lifetime of the wrongdoer. Such action abated upon the death of the wrongdoer prior to action brought.

ID.—RIGHTS AT COMMON LAW—RIGHTS UNDER STATUTES OF CALIFORNIA —CODE PROVISION.—At common law no action of damages for death existed and such right of action in California is founded solely upon section 377 of the Code of Civil Procedure.

ID.—SURVIVAL OF ACTION.—The common-law rule that such an action would not survive the death of the wrongdoer under the circumstances here shown obtains in California except as it may be modified by statute.

ID.—EFFECT OF SECTION 385 CODE CIVIL PROCEDURE ON SURVIVAL.— Section 385 of the Code of Civil Procedure refers only to actions instituted prior to the death of a party to them, and applies only where the cause of action survives, and does not purport to change any existing rule as to the survival of causes of action.

ID.—SCOPE OF SECTION 1582 CODE CIVIL PROCEDURE.—Section 1582 of the Code of Civil Procedure authorizing actions to be maintained by or against executors or administrators in all cases where the same might have been maintained by or against their respective testators or intestates, is limited by its terms to actions for the recovery of property, or the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon and all actions founded upon contracts.

ID.—CONSTRUCTION OF SECTION 377 CODE CIVIL PROCEDURE—MODIFICATION OF COMMON LAW—ABATEMENT OF ACTIONS.—Section 377 of the Code of Civil Procedure modifies the common law only to the extent of giving a right of action for damages caused by the death of a person to his heirs or personal representatives solely for the benefit of his heirs and in no way affects the common-law rules as to abatement of personal actions by death.

APPEAL from a judgment of the Superior Court of Nevada County.   George L. Jones, Judge.

The facts are stated in the opinion of the court.

S. M. Swinnerton, and Geo. B. Finnegan, for Appellant.

Hennessy & Peterson, and James Snell, for Respondents.

ANGELLOTTI, C. J.—This is an appeal from a judgment for defendants entered upon sustaining their demurrer to plaintiff's amended complaint. The action is one instituted by plaintiff, the surviving wife of Leroy M. Clark, deceased, against the personal representatives of Jeremiah S. Goodwin,

deceased, to obtain a judgment for twenty-five thousand dollars, the damage alleged to have been sustained by her by reason of the death of her said husband. The sole basis of her claim against the estate of Goodwin for these damages is to be found in the allegation that on or about the third day of March, 1913, the said Goodwin "did willfully and unlawfully and of his malice aforethought kill and murder" said Clark. The complaint shows that Goodwin also died on or about the third day of March, 1913. This action was commenced on February 28, 1914.

Our statute gives a right of action for damages for the death of a person, not a minor, caused by the wrongful act or neglect of another, to his heirs or personal representatives, "against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person." (Code Civ. Proc., sec. 377.) It is only by virtue of some such statute as this that an action for the death of a person can be maintained in this state, no such right of action existing under the common law. (See *Kramer* v. *San Francisco etc. Co.*, 25 Cal. 434.)

The only question on this appeal is whether the cause of action so given survives the death of the person who wrongfully or negligently causes the death on account of which damages are claimed. Admittedly it does not survive the death of the wrongdoer if the well-settled common law rule relative to abatement of a cause of action for damages for injuries to person on the death of the wrongdoer has not been changed by statute in this state. Our statutes provide that "the common law of England, so far as it is not repugnant to or inconsistent with the constitution of the United States, or the constitution or laws of this state, is the rule of decision in all the courts of this state." (Pol. Code, sec. 4468.) Nothing was more firmly settled at common law than the rule that such a cause of action, except under certain circumstances which do not exist here, does not survive the death of either the person to or by whom the wrong was done. This rule exists here except in so far as it has been modified or abolished by statute. (See 1 Corpus Juris., sec. 339.) It was applied by this court in *Harker* v. *Clark*, 57 Cal. 245, an action for damages for false imprisonment, against the personal representatives of the deceased tort-feasor, where it was said, holding that the action could not be maintained: "This

CLXX Cal.—34

action is clearly within the maxim 'A personal right of action dies with the person unless the right of action has been kept alive by some statute.' " (See, also, *O'Connor* v. *Corbett,* 3 Cal. 370; *Fowden* v. *Pacific Coast S. S. Co.,* 149 Cal. 151, [86 Pac. 178].)

We are thus brought to the question whether there is any statute of this state changing this rule. Section 385 of the Code of Civil Procedure has no application. It simply provides, so far as material here, that "an action or proceeding does not abate by the death . . . of a party. . . . *if the cause of action survive . . .*" This refers only to actions or proceedings instituted prior to the death of a party, applies only where the *cause of action survives,* and does not purport to in any way change any existing rule as to survival of causes of action. Section 1582 of the Code of Civil Procedure, providing for actions against executors and administrators "in all cases in which the same might have been maintained by or against their respective testators or intestates" is limited by its terms to actions for the recovery of property or the possession thereof or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts. The only other statutory provision relied on by plaintiff is the statute already referred to as giving a cause of action for damages for the death of a person when caused by the wrongful or negligent act of another, viz.: section 377 of the Code of Civil Procedure. This section provides: "When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages *against the person* causing the death, or if such person be employed by another person who is responsible for his conduct, then also against *such other person.* In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just." It is obvious that this section modifies the common law only to the extent of giving a right of action for damages caused by the death of a person, to his heirs, or to his personal representatives solely for the benefit of his heirs (see *Ruiz* v. *Santa Barbara etc. Co.,* 164 Cal. 188, 191, [128 Pac. 330], and that it in no way purports to affect the well-settled common law rules as to abatement of personal actions by death. The action provided is, by the very words of the section, one

"*against the person* causing the death, or if such person be
employed by another person who is responsible for his con-
duct, then also against *such other person.*" Nowhere in our
statutes is there any intimation that such an action may be
brought against any other person or persons than those so
specified. It appears to follow irresistibly that as to such
an action the common law rules as to abatement of personal
actions by death remain unimpaired in this state. An exami-
nation of the authorities has disclosed no case that would
support a contrary conclusion, in view of the language of our
statutory law on the subject. The condition here is, as stated
in the note to *Brown* v. *Electric Railway Co.*, in 70 Am. St.
Rep. 685, 686: "Having been created, such an action
is merely a personal one, subject to the usual rule of abate-
ment by death of one or both of the parties to it." The
authorities are uniform in supporting the conclusion we have
reached, that under such statutes as ours the cause of action
for damages for the death of her husband given plaintiff by
section 377 of the Code of Civil Procedure, abated with the
death of the alleged wrongdoer prior to action brought, and
that such action cannot be maintained against his personal
representatives. We cite as directly in point from the very
many decisions supporting our view *Carrigan* v. *Cole*, 35 R. I.
162, [85 Atl. 934] ; *Rinker* v. *Hurd*, 69 Wash. 257, [124 Pac.
687] ; and *Hegerich* v. *Keddie*, 99 N. Y. 258, [52 Am. Rep. 25,
1 N. E. 787].

Counsel for plaintiff cite no case tending to support their
contention. Their briefs are such as to call for the observa-
tion, which is not original, that arguments as to the wisdom
or justice of a plain rule of law should be addressed to the
legislative department of the state, rather than to the courts,
which, if they confine themselves to the limits marked for
them by the constitution, will not attempt to usurp the powers
of the legislative department.

The judgment is affirmed.

Shaw, J., Lawlor, J., Sloss, J., Melvin, J., and Lorigan, J.,
concurred.