[S. F. No. 12228. In Bank.—March 31, 1927.]

## ALBERT DE LA TORRE, Appellant, v. W. P. JOHNSON et al., Respondents.

[1] NEGLIGENCE—ACTION FOR DAMAGE—DEATH OF TORT-FEASOR—ABATEMENT OF ACTION — APPEAL. — A person who suffers a personal injury in the course of his employment at the hands of a tortfeasor who is not his employer cannot, after a judgment rendered against him in the lower court in a suit to recover damages from said tort-feasor, continue to prosecute an appeal pending in the supreme court, after the death of said tort-feasor, as such an action, both at common law and under the general provisions of the statutes of this state, abates upon the death·of the tort-feasor.

[2] ID. — PERSONAL INJURIES — DEATH OF PARTIES — ABATEMENT OF ACTION.—The general rule is that a cause of action for personal injuries, in the absence of a statute expressly providing to the contrary, abates upon the death of either the person injured or the tort-feasor.

[3] ID. — WORKMEN'S COMPENSATION, INSURANCE AND SAFETY ACT — CONSTRUCTION.—The contention that section 26 of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831) authorizes the continuance of an action to recover damages for personal injuries made compensable under the provisions of said act, which are caused by the negligence of a tort-feasor other than the employer, after the death of said negligent third party, by the substitution of his personal representatives, cannot be maintained.

---

2. See 1 Cal. Jur. 71; 1 R. C. L. 31.

3. Rights and remedies where employee is injured by third person's negligence, notes, 19 A. L. R. 766; 27 A. L. R. 493; 37 A. L. R. 839.

[4] ID. — RIGHTS AGAINST TORT-FEASOR. — The Workmen's Compensation, Insurance and Safety Act does not attempt or purport to grant any right against a tort-feasor to the person who, at the time of the injury, was an employee of a third person that is not accorded to every other member of society similarly situated with respect to casualties which have no relation to the status of employer and employee.

[5] ID.—CONSTRUCTION OF ACT.—The portion of section 26 of the Workmen's Compensation, Insurance and Safety Act reading, "The death of the employee, or any other person, shall not abate any right of action established by this section," must be construed in connection with and with reference to the subject matter of the act and its manifest object, and its sole and primary object is to fasten a liability on "all employers to compensate their employees for any injury incurred by said employees in the course of their employment, irrespective of the fault of either party."

[6] ID.—COMPENSATION—DAMAGES—RIGHT OF ACTION.—The compensation provided in the Workmen's Compensation, Insurance and Safety Act is not damages in the sense that the latter term is used in ordinary tort actions; and the right to recover damages for personal injuries is not a right of action established by said act, but a common-law right established long before the adoption of said act.

[7] ID.—RIGHT OF ACTION BY EMPLOYER.—The right of the employer to prosecute a suit against the tort-feasor to recover any compensation which he has paid or has become obligated to pay is a new right created by the Workmen's Compensation, Insurance and Safety Act.

(1) 1 C. J., p. 195, n. 81.   (2) 1 C. J., p. 174, n. 8, p. 195, n. 85, p. 197, n. 95.   (3) Workmen's Compensation Acts, C. J., p. 104, n. 92 New.   (4) Workmen's Compensation Acts, C. J., p. 9, n. 41 New, p. 140, n. 92 New.   (5) 36 Cyc., p. 110, n. 54.   (6) Workmen's Compensation Acts, C. J., p. 134, n. 21.   (7) Workmen's Compensation Acts, C. J., p. 141, n. 8.

MOTION to substitute executor and to continue appeal from a judgment of the Superior Court of Monterey County. Fred A. Treat, Judge. Denied.

The facts are stated in the opinion of the court.

W. H. Metson and E. B. Mering for Appellant.

Pillsbury, Madison & Sutro and Edwin V. McKenzie **for** Executor of Will of Respondent Johnson.

Hudson, Martin & Jorgensen for Respondent Smith.

SEAWELL, J.—[1] The question presented by this motion to substitute in the place of defendant Johnson the executor of his estate and to continue the action against said executor as a defendant and the counter-motion to dismiss the appeal herein, is whether or not a person who suffers a personal injury in the course of his employment at the hands of a tort-feasor who is not his employer may, after a judgment rendered against him in the court below, continue to prosecute an appeal pending in this court after the death of said tort-feasor in the absence of express statutory provisions authorizing the continuance of the proceeding. Both at common law and under the general provisions of the statutes of this state such an action abates, and unless there can be found some statute altering the rule in this particular case this appeal must be dismissed. It is the claim of appellant that authority to continue the appeal inheres in the power conferred by the constitutional amendment authorizing the enactment of the Workmen's Compensation, Insurance and Safety Act, and if the right to continue the prosecution is not expressly given it is, nevertheless, conferred by the provisions of the act adopted in obedience to the constitutional mandate.

The facts are that the plaintiff and appellant, Albert De La Torre, on the twenty-seventh day of October, 1926, filed a notice of a motion for an order substituting in the place and stead of defendant and respondent W. P. Johnson, who died subsequent to the entry of judgment in the court below, his executor, and allowing the action to be continued against said executor as a codefendant. The executor thereupon filed notice of a motion to dismiss the appeal as to said defendant Johnson upon the ground that the cause of action set forth in the complaint against said defendant abated upon his death. It appears from the affidavits filed by the parties in support of their respective motions that the action is one to recover damages in the sum of seventy-five thousand dollars for personal injuries sustained through the alleged negligent operation of an automobile; and that respondent Johnson was the owner and respondent Smith was

his chauffeur and the driver in charge of the automobile at the time said injuries were inflicted upon appellant. The defendants filed separate answers. Defendant Johnson denied that the accident took place while defendant Smith was acting in the course of his employment, and alleged that Smith was engaged on an errand of his own at the time. Defendant Smith denied all allegations of negligence. At the close of the evidence defendant Johnson moved for a directed verdict on the ground that the evidence showed as a matter of law that Smith was not acting within the course of his employment when the accident occurred. The motion was granted. The issues in the case as to the defendant Smith were submitted to the jury, which returned a verdict in his favor. Judgment was accordingly entered on June 10, 1926. Plaintiff's motion for a new trial was denied. On July 19, 1926, he filed a notice of appeal to this court. Defendant Johnson died on August 24, 1926.

[2] Plaintiff recognizes the general rule that a cause of action for personal injuries, in the absence of a statute expressly providing to the contrary, abates upon the death of either the person injured or the tort-feasor (1 Cal. Jur. 71; 1 C. J. 174 and 197; 3 Street's Foundations of Legal Liability, p. 60; *Clark* v. *Goodwin*, 170 Cal. 527 [L. R. A. 1916A, 1142, 150 Pac. 357]), and it is not contended that there is any statute of general application in California that keeps alive a cause of action for personal injuries after the death of the tort-feasor except in those certain classes of cases in which the statute creates a sort of privity or *quasi*-contractual relation. The instant case does not come within any of said classes. [3] It is the contention of appellant, however, that this case is taken out of the general rule by the circumstance that the injury occurred in the course of and arose out of the employment in which appellant was engaged, and that section 26 of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831, as amended in 1919, Stats. 1919, p. 920) authorizes the continuance of an action to recover damages for personal injuries which are made compensatable under the provisions of said act after the death of the negligent third party by the substitution of his personal representatives. We cannot accede to this contention.

The opening sentences of section 26 of said act are as follows: "The term 'employee,' as used in this section, shall

include the person injured and any other person in whom a claim may arise by reason of the injury or death of such injured person. The death of the employee, or of any other person, shall not abate any right of action established by this section. The claim of an employee for compensation shall not affect his right of action for damages arising out of injury or death against any person other than the employer; and any employer having paid, or having become obligated to pay compensation, may likewise bring an action against such other person to recover said damages." Subsequent portions of the section provide that if either the employee or employer brings an action for damages against such third person the other must be notified, and may join as a party plaintiff at any time before trial on the facts, and must consolidate his action if brought independently; that if suit be prosecuted by the employer alone evidence of expenditures which he has paid or become obligated to pay by reason of the injury or death is admissible and such expenditures are part of the damages; that the amount of the recovery by the employer over and above what he has paid or become obligated to pay as compensation shall be paid to the employee; that if the employee joins in or prosecutes the suit evidence of the amount of disability indemnity or death benefit paid by the employer shall not be admissible, but proof of all other expenditures on account of the injury shall be admissible and shall be deemed part of the damages; and that the court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation.

[4] The Workmen's Compensation, Insurance and Safety Act does not attempt or purport to grant any right against a tort-feasor to the person who, at the time of the injury, was an employee of a third person that is not accorded to every other member of society similarly situated with respect to casualties which have no relation to the status of employer and employee. In this respect, in the absence of statutory language conferring greater rights upon a class than are conferred upon citizens at large, keeping within constitutional limits, all members of society are placed upon equal terms. The primary purpose of the Workmen's Compensation Act is to afford protection to the employee against the hazards of employment by making the employer responsible.

[5] Appellant relies strongly upon that portion of section 26 of the act which reads: "The death of the employee, or any other person, shall not abate any right of action established by this section." The section above cited must be construed in connection with and with reference to the subject matter of the act and its manifest object. Its sole and primary object is to fasten a liability on "all employers to compensate their employees for any injury incurred by said employees in the course of their employment, irrespective of the fault of either party." (Art. XX, sec. 21, Const.) [6] The compensation provided for in said act is not damages in the sense that the latter term is used in ordinary tort actions. The right to recover damages for personal injury is not a right of action established by the Workmen's Compensation, Insurance and Safety Act, but a common right established long before the adoption of the Workmen's Compensation Act. The clause providing that the "death of the employee, *or of any other person,* shall not abate any right of action *established* by this section," read in the light of the purpose of the act, must be construed to apply to those persons whose right or liability is established by the act. It was the new rights and liabilities created by the Compensation Act which before were nonexistent that were the concern of the lawmakers in framing the act. The rights of the employee, when he steps outside of the Compensation Act and elects to sue a tort-feasor who is not his employer, are not enlarged beyond those given to citizens generally.

[7] The right of the employer to prosecute a suit against the tort-feasor to recover any compensation which he has paid or has become obligated to pay is a new right created by the act. The extent of this right is not a question directly involved in this proceeding. In no way is the common-law rule as to the particular question presented changed or affected by the new right conferred upon the employer by the Workmen's Compensation Act. In addition to the common-law right of action to recover for personal injuries wrongfully inflicted, an employee, as such, is entitled to the protection provided by the act, and, while he has a twofold remedy, his common-law right is not enlarged by the provisions of the Workmen's Compensation Act. Appellant complains that it is illogical to hold that the employer may maintain an action against a tort-feasor's representative to recover compensation

paid by him on account of the employee's injuries and to deny to the employee the right to maintain an action for damages against said representative. The maintenance of the action by the employer has the support of statutory authority, which does not exist as to the employee. The right of an injured person to maintain an action after the death of the tort-feasor has not the sanction of the common law and stands unsupported by any act or statute of this state. The justification for following appellant in so wide a departure from the long approved rules of law should rest upon express statutory language or upon inferences arising out of the language of the act under construction which are so convincing as to leave no doubt as to legislative intent.

The cause of action against defendant Johnson having abated by reason of his death, the motion to continue the appeal is denied and the motion to dismiss the appeal as to him is granted. It is so ordered.

Curtis, J., Preston, J., Langdon, J., Richards, J., Waste, C. J., and Shenk, J., concurred.

Rehearing denied.