FREEMAN BERNSTEIN, Appellant, *v*. QUEENS COUNTY JOCKEY CLUB and Another, Defendants.

GUARANTY TRUST COMPANY and Others, as Executors, etc., of THOMAS HEALY, Deceased, Respondents.

Second Department, December 23, 1927.

Abatement and revival — plaintiff suffered injuries when he ate food that contained glass — action based on breach of implied warranty did not survive death of defendant — Decedent Estate Law, §§ 116, 120, and General Construction Law, § 37-a, applied.

Under sections 116 and 120 of the Decedent Estate Law and section 37-a of the General Construction Law an action, based on breach of an implied warranty, brought to recover for injuries suffered from eating food which contained glass which was purchased in defendant's restaurant, did not survive the death of the defendant. While the action may be in form to recover for the breach of an implied warranty, the form of the action is immaterial and it is held that notwithstanding the form, since the action was brought to recover for personal injuries, it does not survive the death of the defendant, and, therefore, his personal representatives cannot be substituted.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of Nassau on the 7th day of October, 1927.

*Harold Cohn* [*Joseph Fried* with him on the brief], for the appellant.

*M. Edward Kelley,* for the respondents.

YOUNG, J. On June 17, 1925, the plaintiff attended the races at the Queens County Jockey Club, and, in the afternoon, went to a restaurant on the premises, conducted by the defendant Healy, and ordered food which was served to him. After he had been eating for a few minutes, blood began to flow from his mouth in large quantities and he found a sliver of glass sticking inside his mouth. A medical examination and X-ray photographs

later showed that glass had been swallowed causing serious internal injuries.

The complaint contains two causes of action, but both refer to the same injury alleged upon different theories of recovery, the first based upon defendant's negligence, and the second upon a breach of the implied warranty that the food was fit for human consumption. The defense is a general denial.

This action was commenced against the Queens County Jockey Club and the defendant Healy. On May 9, 1927, the defendant Healy died and plaintiff moved for an order substituting the respondents as defendants in his place. This motion was denied and plaintiff appeals from the order entered thereupon.

It seems to be conceded by the appellant that the first cause of action, based upon allegations of negligence, abated with the death of the defendant Healy, and cannot be revived. As to the second cause of action, however, plaintiff contends that it is founded upon a breach of contract, namely, the implied warranty that the food in question was fit for human consumption, and that this cause of action survives Healy's death. Whether it does or not is the only question presented upon this appeal. That an action lies to recover damages in cases of this character, either upon the theory of a tort or a breach of contract, has been held in *Boyce* v. *Greeley Square Hotel Co.* (228 N. Y. 106), and, therefore, plaintiff had such a cause of action against Healy.

Appellant contends that, under section 116 of the Decedent Estate Law, all actions upon contract survive the death of the party. That section provides that "actions upon contract may be maintained by and against executors in all cases in which the same might have been maintained by or against their respective testators." But section 120 of the same law (as added by Laws of 1909, chap. 240) provides as follows: "For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or after his death, by his executors or administrators, against such wrong-doer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts. This section shall not extend to an action for personal injuries, as such action is defined in section thirty-three hundred and forty-three of the Code of Civil Procedure; except that nothing herein contained shall affect the right of action now existing to recover damages for injuries resulting in death."

Section 3343 of the Code of Civil Procedure, referred to in section 120 (*supra*), is now section 37-a of the General Construction Law

(as added by Laws of 1920, chap. 917), and defines " personal injury " to include " libel, slander, criminal conversation, seduction and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another."

At first impression, it might seem that all actions upon contract would survive, irrespective of the nature of the contract or the damage or injury sustained, and that, under section 120, all actions in tort would survive, if they related to injuries to " property, rights or interests of another," but would not survive where they were solely injuries to the person. But, in applying these statutes, it has been held that the form of the action is immaterial, and that actions, however classified, for wrongs done to the property, rights or interests of another, survive, while actions for personal injuries, both contract and tort alike, abate.

Thus it has been held that a cause of action for a breach of promise to marry does not survive (*Wade* v. *Kalbfleisch*, 58 N. Y. 282), nor for fraud in inducing one to marry another (*Price* v. *Price* 75 N. Y. 244), nor an action against a physician for malpractice (*Best* v. *Vedder*, 58 How. Pr. 187). In the case last cited the court said: " It is immaterial whether we consider this complaint as charging a breach of contract or a breach of duty; whether in form *ex contractu* or *ex delicto;* n either case the injury alleged is to the person, and not to the estate of the plaintiff."

In *Wade* v. *Kalbfleisch* (*supra*) it is said: " The wrongs for which this statute authorizes an action to be brought by or against executors are such as affect property or property rights and interests, or in other words, such as affect the estate. The statute is mutual, and actions may be brought not only against, but by executors, etc. Executors represent property only. They can take only such rights of action as affect property, and cannot recover for injuries for personal wrongs. If this statute had intended to reach this class of wrongs we must presume that it would have been so expressed. The general language does not embrace them. Although, in form, this action resembles an action on contract, in substance it falls within the definition of the exception, as an action on the case for personal injuries."

Section 120 of the Decedent Estate Law, so far as is here material, is derived from sections 1 and 2 of title 3 of chapter 8 of part 3 of the Revised Statutes. (2 R. S. 447, § 1; Id. 448, § 2.) By section 2 of the said title of the Revised Statutes it is provided that section 1 shall not extend, *inter alia*, " to actions on the case for injuries to the person of the plaintiff." At common law all

actions on the case for injuries to the person abate on the death of either party. (*Hegerich* v. *Keddie*, 99 N. Y. 258; *Brackett* v. *Griswold*, 103 id. 425.)

In *Harkins* v. *Provenzo* (116 Misc. 61) the action was for injuries sustained as the result of drinking whisky sold by defendant's intestate to plaintiff as a beverage in violation of the Federal War Prohibition Act, and it was held that the cause of action did not survive the death of the alleged wrongdoer, although the complaint alleged that the defendant's intestate warranted and agreed that said liquor was wholesome and fit for human consumption, saying: " The fact that the injuries alleged grew out of an alleged contract of purchase and sale does not change the nature of the injuries alleged. They still remain injuries to the person as distinguished from injuries to property."

But in *Daniel* v. *Brooklyn Heights Railroad Company* (76 Misc. 482) it was held that an action to recover damages for an assault on a passenger, based upon a breach of the contract to safely carry him, survives to his estate. That decision was made by the Appellate Term of the First Department, and it was affirmed (153 App. Div. 901) on the authority of *Busch* v. *Interborough R. T. Co.* (187 N. Y. 388). But the case of *Busch* v. *Interborough R. T. Co.* (*supra*) simply determined that, because the action was based upon the contract to carry the passenger safely, the Municipal Court of the City of New York had jurisdiction, and that the mere fact that plaintiff also had a cause of action in tort did not bar the action upon the contract.

In *Phelan* v. *Gibson* (148 App. Div. 925) the plaintiff claimed to have purchased a chicken pie from defendant's testator, a restaurant keeper; that she ate the same and was thereby injured greatly to her damage; that, since said sale, said testator died and the defendant was his administrator c. t. a. The late Mr. Justice JAYCOX held at Special Term that, as the breach of the warranty resulted only in personal injuries, the cause of action did not survive. This court affirmed that decision, and, in my opinion, that case was correctly decided and should be followed.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., RICH, HAGARTY and CARSWELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.