In the Matter of the General Assignment for the Benefit of Creditors of LOWE PHARMACY, INC., Assignor, to ABRAHAM J. KRAMER, Assignee, Appellant; ALFRED EISLER, Respondent.— Order, in so far as it denies motion of assignee for the benefit

of creditors to expunge and disallow the claim filed by Alfred Eisler against Lowe Pharmacy, Inc., the assignor, reversed on the law, without costs, and motion granted, without costs. In so far as it denies motion to stay and dismisses the suit brought by Alfred Eisler against Lowe Pharmacy, Inc., in the Municipal Court, the order is affirmed, without costs. A stay of the action was properly denied. (*Municipal Metallic Bed Mfg. Corp.* v. *Dobbs, No. 2,* 228 App. Div. 724; *Smith* v. *Weldon,* 236 id. 697; *Van Beuren* v. *Van Beuren, ante,* p. 650.) The claim is, however, a contingent liability and is not based on contract, despite the fact that the form of remedy is one for breach of an implied warranty of fitness of certain food served by the assignor to the plaintiff Eisler. (*Bernstein* v. *Queens County Jockey Club,* 222 App. Div. 191.) It is not at this time provable under section 13 of the Debtor and Creditor Law. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.