[Civ. No. 12512.   Second Appellate District, Division Two.—May 27, 1940.]

MAXINE D. RIDEAUX, Appellant, v. JOHN TORGRIM-SON, Jr., as Administrator, etc., Respondent.

Aaron Sapiro, Samuel DeGroot, Samuel A. Rosenthal and Burton B. Crane for Appellant.

W. M. Greathouse for Respondent.

McCOMB, J.—From a judgment of dismissal predicated upon the sustaining of defendant's demurrer to plaintiff's fourth amended complaint without leave to amend in an action to recover damages for personal injuries, plaintiff appeals.

The essential facts are:

August 4, 1937, plaintiff filed a complaint alleging in substance as follows:

(1) August 5, 1936, defendant was appointed and qualified as the administrator of the estate of John Torgrimson, deceased, and Anna Torgrimson, deceased.

(2) July 3, 1936, plaintiff was employed by decedents.

(3) July 3, 1936, while employed by decedents and while acting within the scope and course of her employment, plain-

tiff received personal injuries as a result of the negligent and careless operation of an automobile by John Torgrimson.

(4) John Torgrimson and Anna Torgrimson died as a result of injuries received in the accident which caused injury to plaintiff.

(5) Decedents had not at the time of plaintiff's employment or at the time of the accident complied with the provisions, rules, and regulations of the "Workmen's Compensation, Insurance and Safety Act" by securing to plaintiff as their employee compensation under said act.

Plaintiff by amendment to her complaint filed June 27, 1939, now seeks to predicate a cause of action upon section 1971 of the Civil Code (now section 2800, Labor Code). To plaintiff's fourth amended complaint defendant filed a demurrer on the following ground, among others:

That plaintiff's complaint as amended was predicated upon the theory of a tort action and was therefore barred by the terms of section 340, subdivision 3, of the Code of Civil Procedure.

The trial court sustained the demurrer on the foregoing ground among others.

This is the sole question necessary to be determined:

*Is plaintiff's complaint predicated upon a tort and thus barred by the statute of limitations?*

This question must be answered in the affirmative. ■ Plaintiff's argument that an action based upon the former section 1971 of the Civil Code (now section 2800 of the Labor Code)[1] is an action *quasi ex contractu,* is contrary to the authorities in California. In *Krebenios* v. *Lindauer,* 175 Cal. 431 [166 Pac. 17], Mr. Justice Henshaw in affirming a judgment of the superior court sustaining a demurrer to a complaint predicated upon a theory similar to that in the present action, on the ground that it was a tort action and the statute of limitations had run, thus states the law at page 432:

"If appellant's research had led him to an examination of the cases in this state, this court would have been saved this appeal. Thus in *Denning* v. *State,* 123 Cal. 316 [55 Pac. 1000]), a deckhand upon the state's tugboat sued to recover damages for injuries which he sustained by reason of having

---

[1]This action arose prior to the adoption of the Labor Code. Therefore, section 1971 of the Civil Code is the only section here involved.

been given an unsafe place to work—a weak and defective ladder which he was compelled in the performance of his duty to climb and which broke under his weight. Says this court: 'This action, however, is in tort, and not upon contract. . . . Here the contract of employment has nothing whatever to do with the liability except to create a duty on the part of the employer, a duty not expressed in the contract, and for the violation of which the contract of employment furnished no rule or standard for the estimation of damages; nor is the action grounded upon the contract, but upon the duty springing from the relation created by it, viz., that of employer and employee, and under the old system of pleading was always classed as an action *ex delicto*.' To the same effect is *Basler* v. *Sacramento etc. Ry. Co.*, 166 Cal. 33, [134 Pac. 993].''

It is likewise settled that if a new cause of action is introduced into a complaint by way of an amendment the action is deemed to have been commenced at the time of the amendment to the complaint for the purpose of ascertaining whether or not the statute of limitations has barred the prosecution of the new cause of action. (*Merchants Nat. Bank* v. *Bentel*, 166 Cal. 473, 478 [137 Pac. 25].)

Applying the foregoing rules to the facts in the instant case, it appears that the cause of action stated in the original complaint was predicated upon defendant's decedent's failure to comply with section 29b of the Workmen's Compensation Act (a statutory cause of action), while the cause of action which plaintiff is now urging is predicated upon an action *ex delicto*. The tort which is the basis of the present action occurred July 3, 1936, and the fourth amended complaint introducing the present cause of action was not filed until June 27, 1939, more than a year subsequent to the date of plaintiff's injury (in fact the original complaint which was filed August 4, 1937, was filed more than one year after the accident). Thus the cause of action is barred by subsection 3, section 340 of the Code of Civil Procedure, and the trial court properly sustained defendant's demurrer to the amended complaint.

Plaintiff's cause of action is also barred for another reason, which is that, since the cause of action is an action *ex delicto* or a tort action, as shown above, the cause of action abated with the death of the tort-feasors. The law is settled that a cause of action for personal injuries, in the absence of

a statute expressly providing for its survival, abates upon the death of the tort-feasor. (*De La Torre* v. *Johnson,* 200 Cal. 754, 757 [254 Pac. 1105]; 1 C. J. S., Abatement and Revival 196, sec. 143 [1936]; 1 Cal. Jur. 71, sec. 41 [1921]; 1 Cal. Jur. Ten-Year Supp. 10, sec. 31 [1936].) In the present case there is no express statutory authority providing for the survival of such a cause of action.

For the foregoing reasons the judgment is affirmed.

WOOD, J., Concurring.—I concur in the judgment. In the former appeal in this matter (*Rideaux* v. *Torgrimson,* 12 Cal. (2d) 633 [86 Pac. (2d) 826]) it was held that an action by an employee against his employer, based upon the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917, as it existed in the year 1936, survives the death of the employer. It was also held on that appeal that the plea of *res judicata* could not be considered since a defense of this nature must be either pleaded or proved and the record before the court was not such as to permit consideration of such defense.

The record now before us shows a situation very different than that of the former appeal. In her fourth amended complaint plaintiff alleged that she had applied to the industrial accident commission for relief under the provisions of the Workmen's Compensation Act; that her application had been denied on the ground that her employment was not such as to bring her within the provisions of the act; and that thereafter the Supreme Court of California had denied her petition for a writ to review the order of the industrial accident commission. From the allegations of plaintiff's complaint it is apparent that she may not now rely upon the provisions of the Workmen's Compensation Act but must base her petition for redress upon the provisions of section 1971 of the Civil Code (which became sec. 2800 of the Labor Code in 1937). Causes of action arising under section 1971 of the Civil Code are founded on the negligence of the employer. Such causes of action sound in tort and abate with the death of the tort-feasor.

I do not concur in that portion of the opinion of Mr. Justice McComb in which the view is expressed that the fourth amended complaint introduces a new cause of action.

Moore, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1940. Curtis, J., voted for a hearing.