[Civ. No. 14106. Second Dist., Div. Two. June 28, 1943.]

MRS. JOSEPH GOSLING et al., Appellants, v. WINIFRED NICHOLS, as Administratrix, etc., Respondent.

Betts & Garrison and C. L. Gardner for Appellants.

Sidney A. Moss for Respondent.

McCOMB, J.—From a judgment of dismissal predicated upon the ground that the present action abated on the death of defendant's intestate, plaintiffs appeal. The action was instituted to recover damages for the wrongful death of Joseph Gosling.

These are the essential facts:

On December 10, 1941, plaintiffs, as the sole heirs at law of Joseph Gosling, deceased, filed an action against A. La Verne Nichols, pursuant to the provisions of section 377 of the Code of Civil Procedure, to recover damages for the wrongful death of Mr. Gosling.

The complaint contained two causes of action: (1) for negligence, and (2) for breach of an implied warranty that food sold to Mr. Gosling was wholesome.

The two causes of action are predicated upon allegations in the complaint that on or about May 6, 1939, Mr. Nichols was operating a public golf club known as the Rancho Public Golf Club, and in connection with such golf club he engaged in the business of selling and furnishing food and meals to the general public. That on or about the aforementioned date Mr. Gosling purchased from Mr. Nichols food which was tainted, unwholesome, and unfit for human consumption, and that as a proximate result of eating such food Mr. Gosling contracted an illness from which he died December 15, 1940.

Mr. Nichols was duly served with the complaint and filed an answer thereto. However, before the action was tried he died on June 5, 1942. Thereafter pursuant to a motion of the plaintiffs, defendant Winifred Nichols, as administratrix of the estate of A. La Verne Nichols, was substituted as defendant in the present action in the place and stead of her intestate.

On February 25, 1942, pursuant to a motion of defendant, a judgment of dismissal of the present action was entered and filed upon the ground that the action abated with the death of Mr. Nichols.

This is the sole question necessary for us to determine:

*Did the causes of action alleged in the complaint abate with the death of Mr. Nichols?*

This question must be answered in the affirmative and is governed by the following pertinent rules:

(1) A right of action for death by wrongful act pursuant to the provisions of section 377 of the Code of Civil Procedure is a tort action which does not survive the death of the wrongdoer. *(Sayles* v. *Peters,* 11 Cal.App.2d 401, 403 [54 P.2d 94]; *National Auto Insurance Co.* v. *Cunningham,* 41 Cal.App.2d 828, 831 [107 P.2d 643]; see also *Clark* v. *Goodwin,* 170 Cal. 527, 531 [150 P. 357, L.R.A. 1916 A, 1142].)

(2) A tort action abates upon the death of the wrongdoer at any time before the action is ready for rendition of a final judgment, in the absence of a statute expressly providing that the cause of action shall survive. (*Clark* v. *Goodwin,* 170 Cal. 527, 529 [150 P. 357, L.R.A. 1918A, 1142]; *Rideaux* v. *Torgrimson,* 39 Cal.App.2d 273, 275 [102 P.2d 1104]; see also 1 C.J.S. (1936) Abatement and Revival, p. 173, sec. 126.)

(3) The gravamen of a cause of action for breach of an implied warranty that food is fit for human consumption is the personal injury which results, and the action "sounds in tort." The cause of action is not ex contractu. *(Singley* v. *Bigelow,* 108 Cal.App. 436, 445 [291 P. 899]; *Speer* v. *Brown,* 26 Cal.App.2d 283, 294 [79 P.2d 179]; *Harkins* v. *Provenzo,* 116 Misc. 61 [189 N.Y.S. 258, 259, et seq.]; *Bernstein* v. *Queens County Jockey Club,* 222 App.Div. 191 et seq. [225 N.Y.S. 449].)

Applying the foregoing rules to the facts in the instant case it is apparent that under rule 1, *supra,* plaintiffs' cause of action for negligence was a tort action and abated upon the death of the wrongdoer (Mr. Nichols), since his death occurred prior to the time the action was ready for the rendition of a final judgment, and there was no applicable statute modifying the common law rule that a tort action abates with the death of the wrongdoer, rule 2, *supra.*

Likewise, under rule 3, *supra,* plaintiffs' cause of action for breach of an implied warranty that the food sold

by Mr. Nichols was wholesome, was a cause of action "sounding in tort;" which under rule 2, *supra,* abated with Mr. Nichols' death.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W.J.), J., concurred.