Marilynn HINTON; Marilynn Darcy Hinton, infant, by and through her Guardian ad Litem, Marilynn Hinton; Verna Daryn Hinton, an infant, by and through her Guardian ad Litem, Marilynn Hinton, Edgar Raymond Hinton, an infant, by and through his Guardian ad Litem, Marilynn Hinton, Richard E. Crumley, Pamela Rochelle Crumley, an infant, by and through her Guardian ad Litem, Richard E. Crumley, and Eric Ramon Crumley, an infant, by and through his Guardian ad Litem, Richard E. Crumley, Plaintiffs,

v.

REPUBLIC AVIATION CORPORATION, Defendant.

United States District Court
S. D. New York.
Dec. 14, 1959.

---

Speiser, Quinn & O'Brien, New York City, for Plaintiffs. Robert A. Dwyer, New York City, of counsel.

Mendes & Mount, New York City, for defendant. Kenneth R. Thompson, George W. Clark, New York City, of counsel.

LEVET, District Judge.

Defendant, Republic Aviation Corporation, has moved to dismiss the second and fourth alleged causes of action set forth in the complaint upon the ground of failure to state claims upon which relief can be granted pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The complaint involves a death action in which the plaintiffs' decedent was a passenger in an airplane allegedly produced by the defendant Republic Aviation Corporation. The death occurred in California. The first and third causes of action are based upon negligence and are not attacked here. The second and fourth causes of action are based upon alleged breach of warranty. By a stipulation made subsequent to the argument of this motion, dated December 2, 1959, the plaintiffs have amended the complaint in paragraph 12 at the end thereof to add the following words: "and that said aircraft was sold by defendant as aforesaid in the State of California." Another stipulation dated the same day, that is, December 2, 1959, provides that the court may decide the instant motion upon the complaint as amended by the foregoing stipulation.

The objections to the sufficiency of the claims set forth in the above-mentioned causes of action are two-fold:

1. That these causes of action are predicated upon alleged implied warranties in which there was no privity between plaintiffs' decedent and the defendant;

2. That Section 377 of the California Code of Civil Procedure, under which this action is brought, does not provide for any wrongful death action based upon breach of warranty.

The New York Conflict of Laws Rule appears to require that the substantive law of California be applied. The plaintiffs' decedent boarded the plane in California, the accident and death took place in California, and the sale of the plane by defendant to the original vendee is asserted to have occurred in

California. Hence, under the causes of action attacked by this motion, the law of California is applicable. See Poplar v. Bourjois, Inc., 1948, 298 N.Y. 62, 80 N.E.2d 334; Hunter v. Derby Foods, Inc., 2 Cir., 1940, 110 F.2d 970, 133 A.L.R. 255.

■ Under California law, privity has been held to be not essential to recovery for breach of warranty of contract. In California the privity of contract doctrine was held not to apply to food (Klein v. Duchess Sandwich Co., 1939, 14 Cal.2d 272, 93 P.2d 799) nor to a bottle containing a soft drink (Escola v. Coca Cola Bottling Co. of Fresno, 1944, 24 Cal.2d 453, 150 P.2d 436 (Supreme Court of California). In the latter case Mr. Justice Traynor in concurring, wrote in part as follows:

> "I concur in the judgment, but I believe the manufacturer's negligence should no longer be singled out as the basis of a plaintiff's right to recover in cases like the present one. In my opinion it should now be recognized that a manufacturer incurs an absolute liability when an article that he has placed on the market, knowing that it is to be used without inspection, proves to have a defect that causes injury to human beings. MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann.Cas.1916C, 440 established the principle, recognized by this court, that irrespective of privity of contract, the manufacturer is responsible for an injury caused by such an article to any person who comes in lawful contact with it. Sheward v. Virtue, 20 Cal. 2d 410, 126 P.2d 345; Kalash v. Los Angeles Ladder Co., 1 Cal.2d 229, 34 P.2d 481. In these cases the source of the manufacturer's liability was his negligence in the manufacturing process or in the inspection of component parts supplied by others. Even if there is no negligence, however, public policy demands that responsibility be fixed wherever it will most effectively re-duce the hazards to life and health inherent in defective products that reach the market. It is evident that the manufacturer can anticipate some hazards and guard against the recurrence of others, as the public cannot. Those who suffer injury from defective products are unprepared to meet its consequences. * * *" 150 P.2d at pages 440–441.
>
> " * * * Dangers to life and health inhere in other consumers' goods that are defective and there is no reason to differentiate them from the dangers of defective food products. See Bohlen, Studies in Torts, Basis of Affirmative Obligations, American Cases Upon The Liability of Manufacturers and Vendors of Personal Property, 109, 135; Llewellyn, On Warranty of Quality and Society, 36 Col.L.Rev. 699, 704, note 14; Prosser, Torts, p. 692." 150 P. 2d at page 442.

Mr. Justice Traynor reasserted this position in a concurring and dissenting opinion in Trust v. Arden Farms Co., 50 Cal.2d 217, 237, 324 P.2d 583, 595. In Peterson v. Lamb Rubber Co., Cal.App. August 28, 1959, 343 P.2d 261, the court appears to have endorsed the Traynor doctrine and to have virtually abrogated the privity of contract hurdle in an abrasive wheel case.

While in Young v. Aeroil Products Company, 9 Cir., 1957, 248 F.2d 185, the Circuit Court in an elevator case held that California law upheld privity requirements in all but food cases, Judge Barnes did state:

> " * * * We are considering here an area of the law which is in a state of flux in California. The law on this subject is developing and dynamic. * * *" At page 190.

The Peterson case of 1959, supra, however, appears to definitely indicate California's determination to end the privity doctrine even in other activities than food. This appears, moreover, to be in accord with the trend elsewhere. See Arfons v. E. I. Du Pont De Nemours &

Co., 2 Cir., 1958, 261 F.2d 434; B. F. Goodrich Company v. Hammond, 10 Cir., 1959, 269 F.2d 501.

In an extensive review of the doctrine of privity, particularly, it is true, of the New York cases, but with many references to other jurisdictions, it is urged that "the privity 'bugaboo', historically unsound, should be permanently discarded." Parish v. Great Atlantic & Pacific Tea Co., 1958, 13 Misc.2d 33, 63, 177 N.Y. S.2d 7, 37.

As Prosser on Torts, 2nd Ed., comments: "Nearly a third of the American jurisdictions have broken away to some limited extent from the requirement of 'privity of contract,' and have found some way to extend strict liability to the consumer." (P. 507.) Continuing on pages 508–509, the same author states:

"* * * two theories have emerged as predominant. One is that the original warranty of the seller 'runs with the title,' as in the case of conveyances of land, and so extends even to a donee of the product. The other, and perhaps the sounder, is that the warranty is a matter of strict liability in tort, which does not depend upon a contract between the parties, and that it arises because the seller, in marketing his goods, has assumed such a responsibility toward any member of the consuming public who may be injured. On one theory or another, strict liability is now recognized in food cases in California, Florida, Illinois, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and Washington, and possibly in Alabama, Arizona, and Kentucky."

In the negligence aspect to such cases as this, the courts have already extended liability to ultimate users and to those affected by the chattel. The MacPherson decision (1916, 217 N.Y. 382, 111 N.E. 1050) did not go beyond liability to the ultimate purchaser himself. Later cases have extended it to the purchaser's employees and other users of the chattel, to members of his family, to casual bystanders, and even to a later purchaser who buys second hand. The conclusion seems to be that the duty extends to anyone who may reasonably be expected to be in the vicinity of the chattel's probable use and to be endangered if it is defective. Prosser on Torts, 2nd Ed., p. 501 and cases there cited. See, for example, Carpini v. Pittsburgh & Weirton Bus Company, 3 Cir., 1954, 216 F.2d 404 (passenger on bus made by defendant).

The same extension seems to be rapidly developing in the field of breach of warranty. In The Law of Torts, Vol. 2, the authors, Harper and James, state:

"§ *28.16. Implied warranties: The requirement of privity.* Many courts which have repudiated the requirement of privity, where recovery is based on negligence, nevertheless refuse to ground liability on warranty except in actions by the buyer against the person who sold the dangerous article to him. This rule makes warranty unavailable even to other members of the buyer's family; and a buyer himself may invoke it only against his immediate seller, and not, for example, against the maker of the goods unless the maker sold them directly to the plaintiff. The warranty is thus regarded as 'in the nature of a contract of personal indemnity with the original purchaser. It does not 'run with the goods.' "

"Perhaps such a limitation corresponds to the reasonable expectations of commercial buyers and sellers when they are concerned with trade losses. But where commodities are dangerous to life and health, society's interest transcends that of protecting reasonable business expectations. It extends to minimizing the danger to consumers and putting the burden of their losses on those who best can minimize the danger and distribute equitably the losses that do occur. And since the warranties involved in these cases do

not represent the expressed or implied-in-fact intent of bargainers, but are warranties imposed by law as vehicles of social policy, the courts should extend them as far as the relevant social policy requires. The interest in consumer protection calls for warranties by the maker that *do* run with the goods, to reach all who are likely to be hurt by the use of the unfit commodity for a purpose ordinarily to be expected." (Pp. 1570–72.)

After pointing out that at the time (1956), although several courts had accepted reasoning substantially like that just set forth, very few of the decisions that did so dealt with commodities other than food (p. 1572), the authors say:

"No valid reason appears for distinguishing between food cases and others so far as the privity requirement is concerned." (P. 1573.)

See also Prosser on Torts, 2nd Ed., pp. 497–513.

■ The California Wrongful Death Statute, Section 377, California Code of Civil Procedure, in my opinion, embraces a wrongful death action based upon breach of warranty. This section (377) is as follows:

"§ 377. Wrongful death of adults or certain minors; action by personal representatives; death of wrongdoer; damages; consolidation of actions

"When the death of a person not being a minor, or when the death of a minor person who leaves surviving him either a husband or wife or child or children or father or mother, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or in case of the death of such wrongdoer, against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured. If any other person is responsible for any such wrongful act or neglect, the action may also be maintained against such other person, or in case of his death, his personal representatives. In every action under this section, such damages may be given as under all the circumstances of the case, may be just, but shall not include damages recoverable under Section 956 of the Civil Code. The respective rights of the heirs in any award shall be determined by the court. Any action brought by the personal representatives of the decedent pursuant to the provisions of Section 956 of the Civil Code may be joined with an action arising out of the same wrongful act or neglect brought pursuant to the provisions of this section. If an action be brought pursuant to the provisions of this section and a separate action arising out of the same wrongful act or neglect be brought pursuant to the provisions of Section 956 of the Civil Code, such actions shall be consolidated for trial on the motion of any interested party. (Enacted 1872. As amended Code Am. 1873–74, c. 383, p. 294, § 40; Stats. 1935, c. 108, p. 460, § 1; Stats.1949, c. 1380, p. 2401, § 4.)"

Section 340 of the California Code of Civil Procedure limits to one year the time to bring an action "for injury to or for the death of one caused by the wrongful act or neglect of another." Rubino v. Utah Canning Co., 1954, 123 Cal.App.2d 18, 266 P.2d 163, involved an action seeking recovery for injuries predicated upon breach of an implied warranty by defendant in canning, distributing and selling peas unfit for human consumption. There the defendant raised the one-year statute of Section 340. The plaintiff opposed, arguing that the action was essentially ex contractu and that a longer statute applied. The court held that a breach of warranty was a wrongful act and that, therefore, Section 340 applied. The court said in part:

"In order for a cause of action against respondent to have arisen, the injury to appellants must have

been caused by the *wrongful act* or *neglect* of respondent, and whether considered wrongful as a breach of implied contract of warranty, or wrongful as an indirect assault upon the persons of plaintiffs, the cause would still fall within the language of subdivision 3 of section 340 of the Code of Civil Procedure." 266 P.2d at page 165.

To like effect was the decision in Gosling v. Nichols, 1943, 59 Cal.App.2d 442, 139 P.2d 86. In a death case based on breach of implied warranty of food, the court wrote:

"The gravamen of a cause of action for breach of an implied warranty that food is fit for human consumption is the personal injury which results, and the action 'sounds in tort'. The cause of action is not ex contractu. Singley v. Bigelow, 108 Cal.App. 436, 445, 291 P. 899; Speer v. Brown, 26 Cal.App.2d 283, 294, 79 P.2d 179; Harkins v. Provenzo, 116 Misc. 61, 189 N.Y.S. 258, 259, et seq.; Bernstein v. Queens County Jockey Club, 222 App.Div. 191, 225 N.Y.S. 449, et seq." 139 P.2d at page 87.

In New York, the Death Statute (Decedent Estate Law, § 130), somewhat similar to the California Wrongful Death Statute (Section 377), is as follows:

"§ 130. *Action by executor or administrator for negligence or wrongful act or default causing death of decedent*

"The executor or administrator duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent's death. When the husband, wife or next of kin, do not participate in the estate of decedent, under a will appointing an executor, other than such husband, wife or next of kin, who refuses to bring such action, then such husband, wife or next of kin shall be entitled to have an administrator appointed for the purpose of prosecuting such action for their benefit."

This statute (Section 130, Decedent Estate Law) has been interpreted to include actions for death based upon implied warranty. Greco v. S. S. Kresge Co., 1938, 277 N.Y. 26, 12 N.E.2d 557, 115 A.L.R. 1020. In this case, Rippey, J., wrote:

" * * * It created a new and original cause of action based not upon damage to the estate of the deceased because of death but rather for the pecuniary injury to the surviving spouse and next of kin of the deceased from death caused by the wrongful act, neglect, or default of another in a case where the deceased would have had a cause of action against such person had death not ensued (Hamilton v. Erie R. Co., 219 N.Y. 343, 350, 114 N.E. 399; Roche v. St. John's Riverside Hospital, 96 Misc. 289, 160 N.Y.S. 401; affirmed 176 App.Div. 885, 161 N.Y.S. 1143) and it is not extinguished after it has once accrued by the death of specific beneficiaries named therein. (Van Beeck v. Sabine Towing Co., 300 U.S. 342, 350, 57 S.Ct. 452, 456, 81 L.Ed. 685.) (277 N.Y. at page 32, 12 N.E.2d at page 560).

\* \* \* \* \* \*

" * * * Violation of a duty owing to another is a wrongful act; breach of a contract involving violation of duty may be likewise a wrongful act. Here, the duty rested on defendant to see, at its peril, that the food was fit for human consumption and it is based on considerations of public

health and public policy. Race v. Krum, supra [222 N.Y. 410, 118 N.E. 853, L.R.A.1918F, 1172]. Though the action may be brought solely for the breach of the implied warranty, the breach is a wrongful act, a default, and, in its essential nature, a tort. * * * " (277 N.Y. at page 34, 12 N.E.2d at page 561.)

See also Ryan v. Progressive Grocery Stores, 1931, 255 N.Y. 388, 395, 175 N. E. 105, 74 A.L.R. 339; Greenwood v. J. R. Thompson Co., 1919, 213 Ill.App. 371; McLean v. Burbank, 1867, 12 Minn. 530; Schuler v. Union News Co., 1936, 295 Mass. 350, 4 N.E.2d 465.

It is true that Harper & James' The Law of Torts states:

"It has been held that an action for wrongful death will not lie for a breach of warranty." (P. 1583.)

Among cases cited by the authors to sustain this statement were S. H. Kress & Co. v. Lindsey, 5 Cir., 1919, 262 F. 331, 13 A.L.R. 1170; Sterling Aluminum Products, Inc. v. Shell Oil Co., 8 Cir., 1944, 140 F.2d 801; Whiteley v. Webb's City, Fla.1951, 55 So.2d 730; Howson v. Foster Beef Co., 1935, 87 N.H. 200, 177 A. 656; Burkhardt v. Armour & Co., 1932, 115 Conn. 249, 161 A. 385, 90 A.L. R. 1260.

Both Florida and Connecticut, since the above decisions, have amended their statutes. See Fla.Stat.Ann. § 768.01(2), 1953 Supp.; Conn.Gen.Stat. § 52–555, 1958 Revision. The Sterling Aluminum

Products case, supra, involved a Missouri statute. At that time Missouri had not enacted the Uniform Sales Act. The Kress case, supra, involved Mississippi's Wrongful Death Act (Chap. 214, Laws of 1914),[1] and concerned a fatal infection from the use of a shaving brush. Apparently, in 1919, the Fifth Circuit followed the privity rule. Moreover, it appears that the wording of the statute, "real wrongful or negligent act," required notice or knowledge of the parties making the warranty.

The Howson case, supra, also adhered to the rule of privity and held that the warranty did not run with the goods. Moreover, the New Hampshire Act, on which the action was based, permitted the bringing of suits for death only in cases "of tort for physical injuries to the person." Pub.Laws, Ch. 302, § 9.

Dutton v. Sikorsky Aircraft, D.C.D. Conn.1959, 24 F.R.D. 514, does not apply to the present case. Connecticut appears to adhere to the older rule as to privity and the case involved a Georgia statute (Georgia Code Ann. § 105–1301), which was as follows:

"105–1301. (4425) 'Homicide' defined.—The word 'homicide' as used in this Chapter shall include all cases where the death of a human being results from a crime or from criminal or other negligence."

I am forced to conclude that in California an action for death based upon an implied breach of warranty is within the terms of the California Wrongful

---

1. Chapter 214 of the Laws of Mississippi Legislature of 1914, reads, insofar as pertinent here, as follows: *"Actions for injuries producing death.*—Whenever the death of any person shall be caused by any real wrongful or negligent act, or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured, or damaged thereby to maintain an action and recover damages in respect thereof, and such deceased persons shall have left a widow or children, or both, * * * the person or corporation, or both that would have been liable if death had not ensued, * * *

shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall, in no case, affect the right of recovery. The action for such damages may be brought * * * by the widow, for the death of her husband, * * * or in the name of a child for the death of a parent, * * * or all parties interested may join in the suit. * * * In such action the * * * parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit."

Death Statute (Section 377), above set forth.

Consequently, defendant's motion addressed to the second and fourth causes of action must be denied. Settle order on notice.