Merrimack, }
Oct. 1, 1918. }

### ERNEST COBB *v.* OBE G. MORRISON.

A release, otherwise valid, will not be set aside, on the ground of fraudulently concealing the extent of the wrongs done, in the absence of any representation express or implied that the releasee was disclosing the full extent of such wrongs or that the releasor reasonably relying upon his silence concerning their extent was deceived thereby.

A release for all acts previously done is a bar, though the cause of action for such acts may not arise until after the release, if it shows no evidence of an intent to reserve the right to recover for past wrongs which might cause future loss.

If, without objection in a trial upon the general issue, a release has been offered in evidence without being specially pleaded and its validity has been fully tried, a special plea of the release may be filed after verdict, if justice and convenience so require.

CASE, to recover for the alleged unlawful interference by the defendant with the plaintiff's reëlection as a school superintendent. At the close of the plaintiff's evidence, *Sawyer*, J., granted the defendant's motion for a nonsuit, and transferred the case, upon the plaintiff's exception, from the October term, 1916, of the superior court. The facts appear in the opinion.

*Robert W. Upton* and *Joseph W. Worthen* (*Mr. Worthen* orally), for the plaintiff.

*Frank P. Tilton* and *Martin & Howe* (*Mr. Howe* orally), for the defendant.

PEASLEE, J. The plaintiff was superintendent of schools for the supervisory district consisting of the towns of Tilton, Northfield and Belmont, and the defendant was a member of the school board of the

Tilton-Northfield union district, which is included in the supervisory district. The evidence tended to prove that the defendant was opposed to supervision generally, and particularly to the plaintiff's work, and that the defendant, prior to June 11, 1910, had been active in opposing the plaintiff's wishes and in inducing other members of the school boards to vote against the plaintiff's reëlection.

The plaintiff employed counsel to obtain redress for the defendant's alleged infringement of the plaintiff's rights in the premises, a suit was threatened, and on June 11 the parties and their counsel met to consider their differences. After some discussion they came to an agreement, and the plaintiff gave the following release:

"Tilton, N. H., June 11, 1910.

All matters of discussion between Obe G. Morrison and myself having been amicably adjusted, I hereby agree to refrain from bringing any action against said Morrison for slander or other matters that have occurred before this date, and will not be a party to any suit against him concerning school matters in the town of Tilton and Northfield, N. H., arising before this date."

He now claims that this release is not a bar to the present suit for several reasons.

I. The release was not pleaded. There is no occasion to inquire whether a special plea setting up the release was necessary at common law. The release appeared in evidence, the plaintiff had full opportunity to answer it if he could, and he attempted to do so. The issue was fully tried. If it appears to the trial court that justice and convenience require the filing of a special plea, it can be done now.

II. It is claimed that after the settlement on June 11 the defendant interfered with the plaintiff's attempt to be reëlected on June 17, 1910. There is no substantial evidence of such interference. The claim is that the defendant then went to Belmont in company with one Sanborn, and induced committee-men of that town to vote against the plaintiff. The defendant denied going to Belmont after June 11, except upon one occasion when at the close of a day's business he and Sanborn went there upon a trip which did not include any visit to the committee-men claimed to have been influenced. A witness testified to seeing the defendant and Sanborn "in the village of East Tilton just before they crossed the bridge leading into Belmont," that this was "the very first of June," that, as he remembered, it was after the written resignation, and that he was unable to state the time of day, but as between forenoon and afternoon was of

the impression it was the former. There was no other evidence on the question. The utmost that can be said is that the defendant was shown to be on a road in Tilton leading to Belmont at the time in question. Whether he then went to Belmont, or stopped short of there, or turned off on a side road, is left wholly to conjecture.

III. It is said that the release was obtained by fraud, in that the defendant did not disclose to the plaintiff the fact that influence had theretofore been brought to bear upon the committee-men. The parties were dealing at arm's length. Each was represented by counsel, and the subject of having seen other committee-men was not mentioned. There was no representation by the defendant, either express or implied, that he was disclosing to the plaintiff the full extent of the wrong done, in order that the plaintiff might correctly estimate his damages. The extent of the defendant's activities does not appear to have been discussed. The point of the negotiations seems to have been that the defendant had been active against the plaintiff, and was to retire from the whole affair. There is no suggestion in the evidence that the plaintiff relied upon the defendant's silence and was deceived by it. The plaintiff did not testify to any reliance whatever upon what the defendant said, or upon his silence, nor that the release would not have been given if there had been a full disclosure. In the absence of some evidence of such facts, the charge of fraud in obtaining the release cannot be sustained. *Connelly* v. *Brown*, 73 N. H. 193 and cases cited.

IV. The damage alleged not accruing until after the settlement was made, it is argued that the cause of action did not then exist, and that therefore it was not the intent to bar it by the release. The contention does not require extended consideration. The evident purpose of the writing was to release all liability for acts theretofore done. Whether a cause of action had then accrued is immaterial. The argument that the defendant's interference had not then been consummated, so far as action on his part was concerned, is not supported by the evidence. On the testimony, his interference was then a thing of the past. The effect of this conduct upon others might be manifested at a later date, but the release affords no evidence of an intent to reserve the right to recover for past wrongs which might cause future loss.

The nonsuit was properly ordered.

*Exception overruled.*

All concurred.