ULVIG, Respondent, vs. McKENNAN HOSPITAL, Appellant.

(229 N. W. 383.)

(File No. 6482. Opinion filed February 28, 1930.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Krause & Krause* and *Ervin P. Van Buren,* all of Dell Rapids, for Respondent.

CAMPBELL, J.   Plaintiff instituted his action below by the service of a relief summons, accompanied by a complaint as follows:

## "Complaint.

"Plaintiff complains of the defendant and alleges:

### "First.

"1.   That at all times hereinafter mentioned the defendant was and still is a duly constituted and existing body corporate, organized for the purpose of and conducting a general hospital in the city of Sioux Falls, in Minnehaha County, South Dakota, and to contract to there receive, nurse, care for and protect persons requiring treatment by physicians and surgeons for physical ailments.

"2.   That on or about March 4, 1926, Robert Ulvig and Ida Ulvig, parents of Lawrence Ulvig, their infant son then of the age of 17 months, who was then ailing from a swelling in his throat, requiring the treatment of a physician, entered into an agreement with said defendant for and on behalf of their said infant son, whereby and whereunder, in consideration of said parents' promise then and there made to pay defendant therefor, the latter agreed to receive their said infant son into its said hospital and therein to care for, shelter, nurse, care for, watch over, guard and protect said child from harm while remaining in said hospital for treatment by said parents' physician, and said parents then and there left their said child in the care and custody of said defendant, and the latter received him under the terms of the said agreement.

"3.   That the defendant wholly failed to keep and carry out the terms of the said contract; but that, on the contrary, during the second night thereafter, while having said child in its custody thereunder the defendant did, in utter disregard of its said agreement and in negligent and reckless disregard of its obligations and of its duty towards the said infant child thereunder, place a lighted gas plate in the room and near the crib wherein said child was

confined, close up to and under the over-hanging drapery and canopy of said crib, and did leave same there unprotected and without any one in said room to take care thereof or to watch over, care for, and protect said child, thereby causing the said drapery and the covering and clothes of said child to catch fire from the flame of the said gas plate, and permitting and causing said child to become and be severely burned on its toes, feet, limbs, body, arms, neck and head, thus and thereby causing him continuously great physical and mental pain and suffering therefrom until he died at said hospital on May 28, 1926, all without fault on his part and solely by reason of defendant's said reckless breach of contractual obligation and duty toward said child, to his damage and damage to his estate in the sum of $3,000.00, recoverable by him personally had not death ensued as stated.

"4. That thereafter, on February 7, 1927, the plaintiff was duly appointed administrator of the estate of said Lawrence Ulvig, deceased, by the County Court of said Minnehaha County, and that he thereupon duly qualified, and that Letters of Administration of said estate were by said Court issued to him on the same date, and he now is the administrator of the said estate; and that he brings and prosecutes suit upon this cause of action as such administrator of and for the benefit of said decedent's estate.

"Second.

"For a second, separate and distinct cause of action against the defendant, the plaintiff alleges and shows:

"1. That at all times hereinafter mentioned the defendant was and still is a duly constituted and existing body corporate, organized for the purpose of and conducting a general hospital in the city of Sioux Falls, in Minnehaha County, South Dakota, and to contract thereat to receive, nurse, care for and protect persons requiring treatment by physicians and surgeons for physical treatment.

"2. That on or about March 4, 1926, Robert Ulvig and Ida Ulvig, parents of Lawrence Ulvig, their infant son then of the age of 17 months, who was then ailing from a swelling in his throat, requiring the treatment of a physician, entered into an agreement with said defendant for and on behalf of their said infant son, whereby and whereunder, in consideration of said parents' promise

then and there made to pay defendant therefor, the latter agreed to receive their said infant son into its said hospital and therein to shelter, nurse, care for, watch over and guard and protect said child from harm while remaining in said hospital for treatment by said parents' physician, and said parents then and there left their said child in the care and custody of said defendant, and the latter received him under said terms of the said agreement.

"3. ˙ That the defendant wholly failed to keep and carry out the terms of the said contract; but that, on the contrary, during the second night thereafter, while having said child in its custody thereunder the defendant did, in utter disregard of its said agreement and in negligent and reckless disregard of its obligations and of its duty towards the said infant child thereunder, place a lighted gas plate in the room and near the crib wherein said child was confined, close up to and under the over-hanging drapery and canopy of said crib, and did leave same there unprotected and without anyone in said room to take care thereof or to watch over, care for, and protect said child, thereby causing ˙the said drapery and the covering and clothes of said child to catch fire from the flame of the said gas plate, and permitting and causing said child to become and be severely burned on its toes, feet limbs, body, arms, neck, and head, thus and thereby causing him continuously great physical and mental pain and suffering therefrom until he died from said injuries at said hospital on May 28, 1926, all without fault on his part and solely by reason of defendant's said reckless breach of contractual obligation and duty toward said child.

"4. That said decedent, Lawrence Ulvig, left surviving him Robert Ulvig and Ida Ulvig, his parents and next of kin, who, by and on account of his death so caused as aforesaid, have sustained pecuniary injury, loss and damages as follows: By being thereby deprived and having thereby suffered the loss of the enjoyment of the companionship, society and comfort, aid, assistance, help, care, and support of their said child for and during the term of their and his probable life expectancy; as also, having thereby been caused the expense of the funeral services and burial of their said child in the sum of $125.00; to their damage in the full sum of $7,125.00. ˙

"5. That thereafter, on February 7, 1927, the plaintiff was duly appointed admistrator of the estate of said Lawrence Ulvig, deceased, by the County Court of said Minnehaha County, and

that he thereupon duly qualified and that Letters of Administration of said estate were by said Court issued to him on the same date, and he now is the administrator of the said estate; and that he brings this suit and prosecutes this cause of action as such administrator of and for the benefit of the said parents and next of kin of the said decedent.

"Wherefore, plaintiff demands judgment against the defendant:

"(a)   For the sum of $3,000.00 under the first cause of action herein set out for the benefit of said decedent's estate;

"(b)   For the sum of $7,125.00 for the benefit of the said parents and next of kin of the said decedent under the facts set out in the foregoing second cause of action; and

"(c)   For the costs and disbursements herein."

To this complaint defendant demurred upon the following grounds:

"1.   That several causes of action have been improperly united.

"2.   That the first cause of action does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

"3.   That the second cause of action does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant."

Thereafter the court duly made and entered its order overruling the demurrer in all respects, from which order defendant has appealed.

We will consider the grounds of demurrer in inverse order.

■   Looking at the second cause of action, it is apparent that it seeks to set forth a cause of action under sections 2929, 2931, R. C. 1919, by the administrator of the decedent for the benefit of the parents of said decedent.   We think this sufficiently states a cause of action in tort for negligence.   It is true that there is alleged a "reckless breach of contractual obligation," but there is nevertheless clearly and sufficiently alleged a breach of duty to use care imposed by law.   No contract was pleaded between appellant and decedent.   Respondent himself argues at length in his brief that he has properly and sufficiently pleaded a cause of action ex delicto, and that the facts with reference to the contract between

appellant and the parents of decedent are pleaded "merely by way of inducement and explanation." In this contention we think respondent is correct. The gist and gravamen of the cause of action is appellant's claimed failure to exercise toward decedent the care required by law under the circumstances. The duty of respondent toward decedent arises by operation of law, and it is upon a breach of that duty that the cause of action is fundamentally based. It is not material that such breach of duty, owing, as a matter of law, from appellant to decedent constituted also a breach of an express agreement on the part of appellant to and with the parents of decedent that appellant would use due care in treating decedent. The duty to use care arose by operation of law upon assuming to treat. Whether the contract to treat decedent was with decedent, or his parents, or any one else, and, even if it was gratuitous, the real gist of the action is breach of this unavoidable legal duty to use care, regardless of whether or not the legal duty was reinforced by an affirmative agreement on the part of appellant to use care. The cause of action is in tort and not upon contract.

"An action to recover unliquidated damages for a personal injury caused by negligence, although the negligence complained of amounts to a breach of contract on the part of the defendant, belongs to the class of cases denominated 'actions ex delicto.' The tort is the ground of action, and the law of torts must govern the case." Doremus v. Root (C. C.) 94 F. 760, 761. See, also, Flint, etc., Manufacturing Co. v. Beckett, 167 Ind. 491, 79 N. E. 503, 12 L. R. A. (N. S.) 924.

We think a cause of action ex delicto is well pleaded, and that the allegations with reference to the contract, while they are probably surplusage, are merely "by way of inducement and explanation."

We come now to consider the sufficiency of the first cause of action. This is an attempt by the administrator to set forth a cause of action for the benefit of the general estate of decedent for personal injury suffered by the decedent in his lifetime as a result of appellant's negligence. The recovery sought is the sum of $3,000 for damages for physical and mental pain and suffering of decedent from the time of the negligent act on March 4, 1926, to May 28, 1926, when he died. What we have previously said with reference to the general nature of the second cause of

action is applicable also to the first cause of action. It is in tort for damages for personal injury suffered by the decedent because of the claimed negligence of appellant. Respondent claims that the first cause of action is likewise ex delicto, and with this contention we agree. It is not in any sense, and under the circumstances of this case, cannot be an "action founded upon contracts," within the meaning of section 3302, R. C. 1919. The quoted words, we think, must be interpreted to have reference only to a cause of action which could never have come into existence but for a previous actual contract. The action now under consideration is founded upon a breach of duty to use care imposed by law, and is in essence and nature ex delicto as distinguished from ex contractu, regardless of the fact that appellant may have affirmatively agreed with the parents of respondent's intestate, when it assumed the treatment of decedent, that it would exercise the care which the law imposed upon it.

This first cause of action then is an action in tort, and it is based necessarily upon the view that the decedent in his lifetime and until his death had a valid cause of action in tort for damages for personal injury, and that upon his death said cause of action survived to respondent as his personal representative.

Few things, perhaps, were better settled at the common law than that a cause of action for injury to the person did not survive the death of either party. The general rule is stated in 1 C. J. p. 195, with citation of authorities as follows:

"At common law a cause of action for injuries to the person of another, whether by assault and battery, false imprisonment, or other wrongful act, or by negligence, did not survive the death of either the person who inflicted or caused the injury or the person injured; and this is still the settled rule in all jurisdictions except in so far as it has been abrogated or modified by statutory provision."

We have in this state no general survival statute which is broad enough to include a cause of action for personal injury resulting from negligent acts or omissions.

Sections 2929, 2931, R. C. 1919, read as follows:

"§ 2929. *Death by Wrongful Act.* Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would have entitled the party in-

jured to maintain an action and recover damages in respect thereto, if death had not ensued, then and in every such case the corporation which, or the person who, would have been liable, if death had not ensued, or the administrator or executor of the estate of such person as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony; and when the action is against such administrator or executor, the damages recovered shall be a valid claim against the estate of such deceased person."

"§ 2931. *Amount of Damages.* Every such action shall be for the exclusive benefit of the wife or husband and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the personal representative of the deceased person; and in every action the jury may give such damages, not exceeding in any case ten thousand dollars, as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought. Every such action shall be commenced within three years after the death of such deceased person. Such personal representative, if he was appointed in this state, may, with the consent of the court making such appointment, at any time before or after the commencement of a suit, settle with the defendant the amount to be paid to him, and the amount received by such personal representative, whether by settlement or otherwise, shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment, in such manner as shall be fair and equitable having reference to the age and condition of such beneficiaries and the laws of descent and distribution of personal estates left by persons dying intestate."

These sections do not purport to provide for the survival of a cause of action in tort for personal injury, but provide a new remedy (in cases where the personal injury results in death), to be enforced by the personal representative of decedent for the use of certain specified beneficiaries, the measure of damage being, not the damage suffered by the injured decedent as a result of the injury to him, but the pecuniary damage resulting from his death to the specified beneficiaries of the new remedial action. See in this

connection Rowe v. Richards, 32 S. D. 66, 142 N. W. 664, L. R. A. 1915E, 1069; Rowe v. Richards, 35 S. D. 201, 151 N. W. 1001, L. R. A. 1915E, 1075, Ann. Cas. 1918A, 294; Stratton v. Sioux Falls Traction System, 49 S. D. 113, 206 N. W. 466.

Our general statute with reference to survival of causes of action is section 3302, R. C. 1919, previously herein referred to, reading as follows:

*"Action by and Against Executors or Administrators.* Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators or intestates."

There is nothing in this statute which, upon any construction, could be held to provide for the survival of actions for damages for personal injury by negligence. The section is question was taken verbatim from the California Code of Civil Procedure, § 1582, and under such identical statute it is the clear rule in California that a cause of action based on negligence resulting in personal injury abates by death at any time before institution of suit and entry of judgment.

"It is urged that plaintiff's action being based on negligence resulting in his personal injury, his death abates the action and vacates everything done therein. Defendant thus invokes the application of the common-law rule, 'actio personalis moritur cum persona,' and it may be conceded that the rule applies to such a cause of action as is stated in the complaint herein, and that no change in the common-law rule material to such a cause of action has been made by a statute in this state. See Harker v. Clark, 57 Cal. 245." Fowden v. Pacific Coast Steamship Co., 149 Cal. 151, 86 P. 178, 179.

"The common-law rule is that an action for personal injuries alleged to have been caused by the negligence of the defendant, except under certain conditions which do not exist here, does not survive the death of either the person to or the person by whom the wrong was done. See Clark v. Goodwin, 170 Cal. 527, 150 P. 357, L. R. A. 1916A, 1142; 1 Cal. Jur. p. 71. This rule is in effect in this state except where modified by statute, and there seems to be no statute which would affect the situation here pre-

sented. The appeal has become moot and should be dismissed for that reason. Appropriate proceedings should be taken in the trial court to dismiss the action on account of the abatement thereof." Munchiando v. Bach, 203 Cal. 457, 264 P. 762.

Section 2317, R. C. 1919, provides as follows:

"*Actions Not Abated by Death, Marriage or Other Disability.* No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of death, or other disability of a party, the court, on motion, at any time within one year thereafter, or afterwards on a supplemental complaint, may allow the action to be continued by or against his representatives or successor in interest. In case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. After a verdict shall be rendered in any action for a wrong, such action shall not abate by the death of any party, but the case shall proceed thereafter in the same manner as in cases where the cause of action now survives by law. At any time after the death or other disability of the party plaintiff, the court in which an action is pending, upon notice to such persons as it may direct and upon application of any person aggrieved, may, in its discretion, order that the action be deemed abated, unless the same be continued by the proper parties, within a time to be fixed by the court, not less than six months nor exceeding one year from the granting of the order."

This section is taken practically verbatim from section 385, California Code of Civil Procedure. It is to be observed that this section does not purport by its terms to provide for survival of any causes of action, but merely provides that actions already instituted shall not abate if the cause of action survives by law, and that an "action for a wrong" shall not abate by death after rendition of verdict. This is pointed out by the Supreme Court of California in Clark v. Goodwin, 170 Cal. 527, 150 P. 357, 358, L. R. A. 1916A, 1142, as follows:

"Nothing was more firmly settled at common law than the rule that such a cause of action, except under certain circumstances which do not exist here, does not survive the death of either the person to or by whom the wrong was due. This rule

exists here, except in so far as it has been modified or abolished by statute. See 1 Corpus Juris, § 339. It was applied by this court in Harker v. Clark, 57 Cal. 245, an action for damages for false imprisonment against the personal representatives of the deceased tort-feasor, where it was said, holding that the action could not be maintained: 'This action is clearly within the maxim, "A personal right of action dies with the person unless the right of action has been kept alive by some statute." ' See, also, O'Conner v. Corbitt, 3 Cal. 370; Fowden v. Pacific Coast S. S. Co., 149 Cal. 151, 86 P. 178.

"We are thus brought to the question whether there is any statute of this state changing this rule. Section 385 of the Code of Civil Procedure has no application. It simply provides, so far as material here, that: 'An action or proceeding does not abate by the death * * * of a party, * * * if the cause of action survive. * * *'

"This refers only to actions or proceedings instituted prior to the death of a party, applies only where the cause of action survives, and does not purport to in any way change any existing rule as to survival of causes of action. Section 1582 of the Code of Civil Procedure, providing for actions against executors and administrators 'in all cases in which the same might have been maintained by or against their respective testators or intestates,' is limited by its terms to actions for the recovery of propery or the possession thereof or to quiet title thereto or to determine any adverse claim thereon, and all actions founded upon contracts."

Section 2267, R. C. 1919, provides in part as follows:

"If a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives. * * * "

Like section 2317, this statute also has application only in cases where, as a matter of law, the cause of action does survive and does not purport of itself to create any survival.

There is found in our Code section 9710, R. C. 1919, which purports to provide in a certain limited fashion for the survival of the right of action given to the employee of a railroad company for personal injury suffered while so employed, but that, of course, has no application to the present case. We had a pre-

vious and somewhat similar statute, being section 745, Code of Civil Procedure 1903, reading as follows:

"If the life of any person, not in the employment of a railroad corporation, shall be lost, in this state, by reason of the negligence or carelessness of the proprietor or proprietors of any railroad, or by the unfitness, or negligence, or carelessness of their employees or agents, the personal representatives of the person whose life is so lost, may institute suit and recover damages in the same manner that the person might have done for any injury where death did not ensue."

This section of the 1903 Code originated as section 1, c. 54, Laws Dakota 1874-75, and was interpreted by this court in Belding v. Black Hills, etc., Ry. Co., 3 S. D. 369, 53 N. W. 750, as being a survival statute. It was, of course, limited in application, and is no longer in force, having been omitted from the Code by the revising commissioners at the time of the 1919 revision.

We are therefore of the opinion that the common-law rule on this point is in force in this state, and that there is no statute in South Dakota (other than those of limited application not pertinent to the instant case) by virtue of which a cause of action for damages for personal injury resulting from negligence survives the death of the person injured.

We realize that this holding is contrary to the language of this court in Rowe v. Richards, 32 S. D. 66, 142 N. W. 664, 667, L. R. A. 1915E, 1069, previously cited, wherein this court said as follows:

"While not necessary to a decision in this case, in order to prevent confusion in the future relative to the cause of action growing out of injuries to the person and the cause of action based upon death by negligence, it might be well to state that these two causes of action do not conflict with each other; nor do they merge upon the death of the injured party; neither is the prosecution or satisfaction of either a bar to the prosecution and recovery on the other. Where a person has been injured by the negligent act of another, he may maintain an action for such damage as he has suffered. *If, pending the action, death should occur, the action may be revived after his death by his personal representative. If the action were not commenced during the lifetime of the injured party, his personal representative could bring the action and*

*recover the injuries decedent suffered during his lifetime, and the amount so recovered would become a part of the general assets of his estate* and would be disbursed and distributed in the same manner as other assets of the estate. The maintenance of and recovery in this action would in no wise interfere with the right of recovery by the dependents or heirs of the decedent, though, under the law as it now exists, the action for the recovery of such damages could be maintained only in the name of the personal representative. The proceeds of such judgment, however, when collected, would not become a part of the assets of the estate nor by subject to any claims against the estate, but would be paid to said personal representative merely as a trustee, for the benefit of the dependents entitled thereto, under the order of the court in which the judgment was recovered. This doctrine has been criticised on the ground that it allows a double recovery for the same injury. The criticism is not warranted, however; for, while the injury in both cases is caused primarily by the same negligent act, two distinct classes of damages result therefrom, one in favor of the injured party for loss of time, for mental and physical pain and suffering, expenses incurred for medical and surgical attendance, nursing, etc., and the other in favor of some third party such as husband, wife, or heir, for such pecuniary loss as they may have suffered (Davis v. Railway, 53 Ark. 117, 13 S. W. 801, 7 L. R. A. 283), and for an extensive discussion of this entire branch of the case see Hulbert v. City of Topeka (C. C.) 34 F. 510; Needham v. Grand T. R. Co., 38 Vt. 294; Brown v. C. & N. W. R. Co., 102 Wis. 137, 77 N. W. 748, 78 N. W. 771, 44 L. R. A. 579."

It is to be noted that the language above quoted is entirely obiter in Rowe v. Richards, and is frankly therein stated to be "not necessary to a decision in this case." The question of the survival of the cause of action for personal injury was not in any manner involved in Rowe v. Richards, nor was there any effort or attempt in that case to treat such cause of action as surviving. Certainly a person injured by the negligent act of another, in violation of a legal duty, has a cause of action therefor, and the injured person, barring settlement, or limitations, or other satisfaction of his claim, has such cause of action until the time of his death. What the court was trying to do in Rowe v. Richards was

merely to point out the distinction in nature between that cause of action on the part of the injured person for his injury, and the cause of action for wrongful death given by chapter 301, Laws 1909 (now sections 2929 et seq., R. C. 1919). We now think that the court was in error in Rowe v. Richards in saying that the cause of action for personal injury survived the death of the injured party, or that an action thereupon would not abate with the death of the injured party prior to verdict therein. It is easy to see how this inadvertently slipped into the opinion in Rowe v. Richards.

Many states, in addition to a "death by wrongful act" statute, similar to our sections 2929, 2931, R. C. 1919, have also a general survival statute, by virtue of which causes of action for damages for personal injury do in fact survive. Many of the best discussions of the distinction between the action for personal injury and the action for death by wrongful act arose, naturally enough, in states having both types of statute. It will be noticed that this court in Rowe v. Richards, in the foregoing excerpt, cited cases from Arkansas, Vermont and Wisconsin and a federal case arising in Kansas. In each of those states there was, at the time of those decisions, in addition to the death by wrongful act statute, a general statute providing for the survival of causes of action for injury to the person. Section 5223, Mansfield's Dig. Ark.; section 420, c. 80, Dassler's Comp. Laws Kan. 1879; sections 10-11-12, c. 52, G. S. Vt.; section 4253 Rev. St. Wis. 1898. The court in Rowe v. Richards, not having its attention focused in any manner upon the question of survival, and studying the language of opinions from states which in fact had a general survival statute covering personal injury, might very easily, and we think did, overlook the fact that such survival was solely by reason of the statute, and that no such statute existed in this state.

We therefore expressly overrule the pronouncement of Rowe v. Richards on this point, and we are of the opinion that respondent's first cause of action is fatally defective, in that it seeks to set out a cause of action in favor of an administrator as to which it appears upon the face of the pleading that the cause of action did not survive but perished with the administrator's intestate.

In view of this holding, the first ground of demurrer presents a moot question. We may make this additional observation, however. The decisions on the question of joinder are both ways, but,

in every case we have examined where the question of joinder is passed upon, whether joinder is upheld or not, we have found that there existed, not only a "death by wrongful act" statute, but also an express statutory provision for the survival of causes of action for personal injury.

The order appealed from is reversed, and the cause remanded, with directions to enter an order sustaining the demurrer as to the first cause of action and overruling the demurrer as to the second cause of action. No costs to be taxed in this court.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.