PETERSEN, Respondent, v. KEMPER, Appellant.

(18 N. W.2d 294.)

(File No. 8748. Opinion filed April 16,.1945.)

**Bailey, Voorhees, Woods & Fuller,** and **M. T. Woods,** all of Sioux Falls, for Appellant.

**Parliman & Parliman** and **Danforth & Danforth,** all of Sioux Falls, for Respondent.

SICKEL, J.   Sena Petersen is the widow and sole heir of Frank Petersen, deceased, and brings this action as his special administratrix.

On August 22, 1940, the plaintiff and her huband were riding in the same car and were injured in a highway collision with a car driven by defendant C. E. Kemper.  The result was that both plaintiff and her husband were injured. Thereafter they brought separate actions against Kemper to recover their damages, alleging that their injuries were caused by the negligence of defendant.   These actions were compromised and settled on March 3, 1941, on payment of $4500 by defendant and which sum was accepted by plaintiff and her husband as consideration for a written release.   The husband died on May 28, 1941, and Sena Petersen was appointed administratrix of his estate.   She then commenced this action claiming that the death of Frank Petersen was caused by the negligence of defendant in the collision of

August 22, 1940, and asking damages in the sum of $10,000 which is the maximum permitted under the wrongful death statute. Defendant answered stating a general denial, an allegation of contributory negligence, and that the written release is a bar to recovery. The defendant also filed a counterclaim asking that the plaintiff be enjoined from prosecuting the action. This answer was later amended. Plaintiff moved to strike from the answer the allegations in regard to the release on the ground that those allegations did not constitute a defense to plaintiff's cause of action. The plaintiff also moved to strike the counterclaim from the answer on the ground that it did not state a cause of action in equity. The circuit court ordered that the fourth paragraph of the answer and the counterclaim be stricken, and the defendant has appealed.

The appellant contends on this appeal that the release is a complete defense to plaintiff's cause of action. Respondent contends that the cause of action for wrongful death of her husband, as stated in her complaint, is not barred by the release. The release reads as follows:

"For the sole consideration of Four Thousand Five Hundred Dollars ($4,500.00), the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby release and forever discharge Carlos E. Kemper, his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable, or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of whatsoever kind or nature, and particularly on account of all injuries, both to person or property, resulting, or to result, from an accident which occurred on or about the 22nd day of August, 1940, at or near a point about four miles North of Alsen and near the County Line between Union and Clay Counties in the State of South Dakota.

"Undersigned hereby declare that the terms of this settlement are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned.

"The undersigned and each of them do further hereby release and forever discharge the said C. E. Kemper from all claims, demands, liabilities, obligations, actions and causes of action whatsoever which may arise or grow out of the said accident in the event of the death of either of the undersigned occurring and being attributed to the effects or results of said accident, it being hereby understood and agreed that the undersigned for the above considerations release all claims whatsoever, including claims that may or might arise in favor or for the benefit of the undersigned from the death of either of the undersigned."

. The foregoing instrument was signed by Sena Petersen and Frank Petersen, and witnessed by their attorneys.

■ It is the settled rule of this state that a cause of action for injuries to the person of another, resulting from negligence or other wrongful act, does not survive the death of the injured person, and that a release of damages therefor, signed by the injured person, does not bar an action brought by the widow under the wrongful death statute. Rowe v. Richards, 35 S. D. 201, 151 N. W. 1001, L. R. A. 1915E, 1075, Ann. Cas. 1918A, 294; Ulvig v. McKennan Hospital, 56 S. D. 509, 229 N. W. 383.

■ It is also the general rule that a release of all liability for wrongful death, executed by the person or persons having the exclusive right to the amount recovered, extinguishes the obligation of the person whose negligence is responsible therefor, and bars any action by a personal representative of the deceased for the recovery of 'damages. Fetty v. Carroll, 118 W. Va. 401, 190 S. E. 683; Fischer v. Pope, 229 Ala. 170, 155 So. 579; Mattoon Gas Light & Coke Co. v. Dolan, 105 Ill. App. 1; Wenholz v. New Amsterdam Casualty Co., La. App., 181 So. 222; Hampton v. Roberson, 231 Ala. 55, 163 So. 644; 25 C. J. S., Death, § 47c.

■ In this case Sena Petersen is the widow of deceased. They have no children. No other person, except the deceased during his lifetime, ever had a right to recover damages from the defendant for the negligence claimed in this action. Therefore, the release cannot be avoided for the sole reason that it was not executed by an administrator of the estate of Frank Peterson, deceased, nor approved by a court.

██ ██ Respondent claims that this is a general release, that Sena Petersen did not know or suspect that she would have a claim for the wrongful death of her husband at the time she executed it, and that therefore the release does not extend to the cause of action alleged in her complaint. In support of this contention appellant refers to SDC 47.0241, which provides:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known to him must have materially affected his settlement with the debtor."

So far as torts are concerned, the question is whether the word "claims" as used in this statute relates to injuries, or the aftereffects of injuries. By the provisions of this statute, injuries which the claimant does not know about or suspect to exist when a general release is given, are not included in the settlement if they are later found to be such that they would have affected the settlement had they been known. O'Meara v. Haiden, 204 Cal. 354, 268 P. 334, 60 A. L. R 1381; Berry v. Struble, 20 Cal. App. 2d 299, 66 P.2d 746; Backus v. Sessions, Cal. App., 104 P.2d 719. The California statute considered in these cases is the same as SDC 47.0241. This statutory rule is also the rule in equity. McIsaac v. McMurray, 77 N. H. 466, 93 A. 115, L. R. A. 1916B, 769, note 776; Althoff v. Torrison, 140 Minn. 8, 167 N. W. 119; Nygard v. Minneapolis St. Ry. Co., 147 Minn. 109, 179 N. W. 642; Richardson v. Chicago, M. & St. P. Ry. Co., 157 Minn. 474, 196 N. W. 643; Serr v. Biwabik Concrete Aggregate Co., 202 Minn. 165, 278 N. W. 355, 117 A. L. R. 1009. Neither the statute nor the equity rule referred to above applies to aftereffects or unexpected consequences of injuries known to exist at the time the release was made. As to them the release is binding and conclusive, subject to legal and equitable defenses applicable to contracts generally. See cases cited above. This general rule was stated in Richardson v. Chicago, M. & St. P. Ry. Co., supra, as follows [157 Minn. 474, 196 N. W. 644]:

"Where, as they did here, the parties make a settlement by which, in consideration of the payment of a specified sum, all claims for damages, then existing or thereafter aris-

ing on account of the injuries sustained in the accident, are satisfied and discharged, the settlement is binding and conclusive, although subsequent events disclose that the injuries produced effects which were neither known nor anticipated when the settlement was made. The parties are presumed to have had in mind the uncertainty as to the after effects of the injuries, and to have elected to make a final settlement which should be binding and conclusive whether such after effects should prove to be either more or less serious than anticipated. * * *

"This was not an unknown injury, but an unknown and unexpected consequence of the injury, and does not bring the case within the rule. To avoid such a release, the rule requires clear and convincing proof that a substantial injury, which was not discovered until after the settlement, had in fact been sustained in the accident and existed at the time of the settlement. That unknown and unexpected consequences resulted from known injuries is not sufficient."

█ Here the parties made a settlement for "all claims, demands, damages, actions, causes of actions or suits of whatsoever kind or nature, and particularly on account of all injuries, both to persons or property, resulting, or to result, from" the accident. Plaintiff has made no claim in this action to the effect that her husband suffered injuries which she did not know or suspect to exist at the time she signed the release. Her claim is for damages for the death of her husband. His death was an aftereffect, an unexpected consequence of injuries which, it must be assumed on this appeal, were known by her to exist when she signed the release. Consequently, SDC 47.0241 does not place plaintiff's cause of action beyond the terms of the release.

Respondent also claims that a release of a cause of action which has not come into existence, is void.

█ The general rule as to releases made in anticipation of possible rights is stated in 45 Am. Jur., Release, § 31, as follows:

"At common law a mere possibility was not the subject of release, and a release was held to operate only on a present interest. * * * However, it seems that in most jurisdic-

tions that ancient rule is no longer followed, and that releases of that kind will be enforced in equity. Anticipatory releases from liability for injuries to the person of the releasor or to his property or business, and releases of rights which have not·yet matured, have generally been held to be valid. Instruments of that kind are self-operative, and discharge the future rights or claims when they arise."

The following cases support the above rule: Cobb v. Morrison, 79 N. H. 74, 104 A. 829; Farnham v. Farnham, 204 App. Div. 573, 198 N. Y. S. 771; Continental Corporation v. Gowdy, 283 Mass. 204, 186 N. E. 244, 87 A. L. R. 1039.

In Cobb v. Morrison, supra, the action was one to recover damages for fraud, and the court said [79 N. H. 74, 104 A. 830]:

"The damage alleged not accruing until after the settlement was made, it is argued that the cause of action did not then exist, and that therefore it was not the intent to bar it by the release. The contention does not require extended consideration. The evident purpose of the writing was to release all liability for acts theretofore done. Whether a cause of action had then accrued is immaterial. The argument that the defendant's interference had not then been consummated, so far as action on his part was concerned, is not supported by the evidence. On the testimony, his interference was then a thing of the past. The effect of this conduct upon others might be manifested at a later date, but the release affords no evidence of an intent to reserve the right to recover for past wrongs which might cause future loss."

█ In this case, according to the complaint, the wrong of which the plaintiff complains had been committed by the defendant; and the injuries to Frank Petersen were known. According to this release, the death of Frank Petersen was considered by all the parties as a possible consequence of those injuries when the release was executed, and all damage therefor, accruing to the plaintiff, was expressly discharged. We therefore conclude that paragraph 4 of the answer states a defense to the cause of action alleged in plaintiff's complaint.

The plaintiff has the right to present any other grounds she may have, whether at law or in equity, for invalidating the release. The procedure for the trial of those issues is provided by SDC 33.1303. To permit the counterclaim to stand and to require plaintiff to answer it would unnecessarily complicate the procedure and serve no useful purpose.

The order is reversed and the cause is remanded with directions to proceed in conformity with this opinion.

All the Judges concur.