SIMONS, Respondent. v. KIDD, Appellant

(38 N. W.2d 883.)

(File No. 9068. Opinion filed August 23, 1949.)

Rehearing denied Oct. 18, 1949.

**Davenport, Evans & Hurwitz,** Sioux Falls, for Appellant.

**Blaine Simons, Gene McDonnell,** Sioux Falls, for Respondent.

SICKEL, J. The complaint in this action alleges that on the night of October 23, 1948 Beverly Sanna Knight was walking south on Highway 77 when she was struck by an automobile; that the accident was caused by the neglect of Marvin Kidd, defendant, driver of the car that struck her; that as a result Mrs. Knight was severely injured and died three days later. Plaintiff has been appointed administrator of her estate and brings this action to recover damages in the sum of $20,000 for the injury, pain and suffering of decedent. Defendant answered the complaint alleging among other things that the complaint fails to state a claim upon which relief can be granted, and asked that the complaint be dismissed on the merits. Plaintiff's motion to strike this defense was granted, and defendant's appeal was allowed.

This is an action brought by the administrator to recover damages for the injury, pain and suffering of decedent during her lifetime. It does not involve the right of the administrator to recover damages for death caused by wrongful act, neglect or default, which is the subject of another action between the same parties.

■ At common law a cause of action for injury to the person does not survive the death of either the person who caused the injury or the person injured. Ulvig v. McKennan Hospital, 56 S. D. 509, 229 N. W. 383.

SDC 37.2201 reads as follows: "Death by wrongful act. Whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereto, if death had not ensued, then and in every such case, the corporation which, or the person who, would have been liable, if death had not ensued, or the administrator or executor of the estate of such person as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall

have been caused under such circumstances as amount in law to a felony; and when the action is against such administrator or executor, the damages recovered shall be a valid claim against the estate of such deceased person."

SDC 37.2203, so far as material here, reads as follows: "Parties: measure of damages; limitation of action; apportionment among beneficiaries. Every such action shall be for the exclusive benefit of the wife or husband and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the executor or regular or special administrator of the deceased person; and in every action the jury may give such damages, not exceeding in any case ten thousand dollars as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought."

SDC 37.2201 quoted above created liability for death caused by wrongful act, neglect, or default in an action against the wrongdoer or in case of his death against the administrator or executor of the wrongdoer. SDC 37.2203 created a right of recovery in "every such action" for the exclusive benefit of the spouse, children or next of kin of the deceased injured person in an action by his executor or administrator. These statutes did not provide for the survival of a cause of action for death by wrongful act, neglect, or default, either as to the wrongdoer or as to the person injured, "the measure of damage being, not the damage suffered by the injured decedent as a result of the injury to him, but the pecuniary damage resulting from his death to the specified beneficiaries of the new remedial action." Ulvig v. McKennan Hospital, supra [56 S. D. 509, 229 N. W. 387]; Peterson v. Kemper, 70 S. D. 427, 18 N. W.2d 294.

Ch. 172, S. L. 1947, amended SDC 37.2201 by inserting after the word "death" in line 1, the phrase "or injury", and by adding a paragraph declaring "actions for wrongful death or personal injury shall survive the death of the wrongdoer whether or not the death of the wrongdoer occurred before or after the death or injury of the injured person."

Ch. 173, S. L. 1947, amended SDC 37.2203 by striking out "the pecuniary" and inserting the word "all" in its place.

These two sections of the code, as amended, are complementary to each other. SDC 37.2201 deals with liability only. By its terms an action for wrongful death or injury may be brought against the executor or administrator of a deceased wrongdoer, and the damages recovered become a valid claim against his estate. This section also provides that liability for wrongful death or personal injury shall survive the death of the wrongdoer. It does not provide that the right of recovery shall survive the death of the injured person. Where the injured person has died his right of action for injury is lost unless it can be held that such right survives under SDC 37.2203, as amended. That section deals with the right of recovery and the measure of damages. It relates to "every such action", that is, every action in which "death or injury of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereto, if death had not ensued." SDC 37.2201, as amended. All such actions "shall be brought in the name of the executor or regular or special administrator of the deceased person; * * * the jury may give such damages, not exceeding in any case ten thousand dollars as they may think proportionate to all injury resulting from such death to the persons respectively for whose benefit such action shall be brought."

A cause of action growing out of personal injury, and one growing out of death by negligence constitute two different subjects. The one is a common law right which accrues during the lifetime of the injured person, and in his favor, for physical and mental suffering, loss of time and wages, etc. The other is a statutory right which does not accrue until after the death of the injured person, and is in favor of beneficiaries designated by statute. Recovery is limited to "all injury" suffered by the statutory beneficiaries as the result of such death. Rowe v. Richards, 32 S. D. 66, 142 N. W. 664, L. R. A. 1915E, 1069. The statutes

which give such right of recovery on behalf of the next of kin "create a new cause of action separate and distinct from, and not a continuation of, the common-law cause of action given a party for his own physical injury." Rowe v. Richards, 35 S. D. 201, 151 N. W. 1001, 1003, L. R. A. 1915E, 1075, Ann. Cas. 1918A, 294. The above interpretation of these statutes has been followed in all later decisions of this court. Stratton v. Sioux Falls Traction System, 49 S. D. 113, 206 N. W. 466; Ulvig v. McKennan Hospital, 56 S. D. 509, 229 N. W. 383; Petersen v. Kemper, 70 S. D. 427, 18 N. W.2d 294. Pain and suffering of the deceased injured person is not "injury resulting from such death" nor is it injury to the beneficiaries for which recovery is permitted by the provisions of SDC 37.2203 as amended. The only effect of the amendment to SDC 37.2203 is to enlarge the measure of damages which the next of kin may recover by removing the "pecuniary" limitation.

Respondent also contends that the maxim "Actio personalis moritur cum persona" is in legal effect wholly invalidated and destroyed by Art. VI, § 20 of the state constitution which reads: "All courts shall be open, and every man for an injury done him in his property, person or reputation, shall have remedy by due course of law, and right and justice, administered without denial or delay."

The above provision of the constitution is judicial, not legislative. It is a guarantee that "for such wrongs as are recognized by the law of the land the courts shall be open and afford a remedy." Mattson v. Astoria, 39 Or. 577, 65 P. 1066, 1067, 87 Am. St. Rep. 687; 11 Am. Jur., Constitutional Law, § 326. It does not mean that the courts may usurp powers which belong to the legislative branch of the government. Salt Lake City v. Utah Light & Traction Co., 52 Utah 210, 173 P. 556, 3 A. L. R. 715, 727. A similar constitutional question was presented in Brown v. Wightman, 47 Utah 31, 151 P. 366, L. R. A. 1916A, 1140, where the court said: "The courts have, however, always considered and treated those provisions, not as creating new rights, or as giving new remedies where none otherwise are given, but as placing a limitation upon the Legislature to prevent that

branch of the state government from closing the doors of the courts against any person who has a legal right which is enforceable in accordance with some known remedy. Where no right of action is given, however, or no remedy exists, under either the common law or some statute, those constitutional provisions create none. It is accordingly held in some, if not all, of those states in which the aforesaid constitutional provisions are in force, and where the common law prevails, that in the absence of a statute to the contrary an action like the one at bar abates with the death of either the injured person or of the one inflicting the injury."

We, therefore, conclude that Art. VI, § 20 of the state constitution is not a survival law, and we adhere to the former decisions of this court to the effect that actions for damages for wrongful death do not survive the death of the injured person or the wrongdoer at common law; that the right of recovery and the liability therefor is dependent upon the extent to which such rights and liabilities have been created by legislative action; that the statutes here considered do not provide for the survival of decedent's claim for injury, pain and suffering.

For the reasons stated the order of the circuit court is reversed with directions to deny plaintiff's motion.

SMITH, P.J., and RUDOLPH, J., concur.

ROBERTS and HAYES, JJ., dissent.

HAYES, J. (dissenting). It appears to me that the majority opinion gives no effect whatever to the words "or injury", added to SDC 37.2201 by Ch. 172, Session Laws of 1947.

I think that the cardinal rules of statutory construction, adhered to in Re Dwyer, 49 S. D. 350, 207 N. W. 210, forestall a disregard of the specific legislative intent made manifest by the declared purposes of the amending enactment and the wording of the amendment. Also, I cannot read in Ch. 173, Session Laws of 1947, a nullification of that which is added in the previous chapter.

The title to said chapter 172 specifically declares that the same relates, among other things, to recovery of dam-

ages for injury to a person. From the title to chapter 173 it is quickly plain that the same relates only to matters incident to "Actions for Damages for Death by Wrongful Act." A comparison of these two titles encourages a belief on my part that the legislature, not unwittingly but with care, stated that chapter 172 related to recovery of damages for injury to a person, and more—"and Providing for Survivorship."

By the provisions of SDC 37.2201, unamended, a right of action for wrongful death survived the death of the wrongdoer. In addition to the words "or injury" inserted in the body of the existing law the amending act provides in an added paragraph that actions for wrongful death **or personal injury** shall survive the death of the wrongdoer. The words emphasized were, as I see it, purposely included as expressive of the intention of the legislature, as stated in the title to the amending act, to provide for recovery of damages for personal injury notwithstanding death of the person injured.

There is no room for disagreement about what the law was before the legislature passed the amending act. It may also be a matter of common accord that the legislative body might well have made provisions of law respecting a limitation of recovery and the proper party plaintiff in suits for wrongful injury resulting in death and might also have specified that recoveries in such suits should be passed along to dependents, heirs or the estate of the person who suffered the wrongful injury. The fact that these matters were not subjects of legislation does not, however, lead me to the view that the additions to SDC 37.2201 are insignificant and meaningless.

The sole question is whether said chapter 172 was intended to and did change the law as last declared in Petersen v. Kemper, 70 S. D. 427, 18 N. W.2d 294. It is perhaps a fair inference that the session of the legislature next following the opinion in the cited case was called upon to abandon the rule that a right of action for personal injury abates with death. Regardless of the inference, SDC 37.2201, as amended, with respect to the right to recover damages

for wrongful injury, in legal effect declares: "Whenever injury to a person is caused by the act of another, for which act and resultant injury damages were recoverable on the part of the injured person if death had not ensued, the corporation which or person who may have been answerable for such damages shall be liable to an action therefor notwithstanding the death of the injured person."

I think, therefore, that the legislative body of this state sought to provide that death of the person wronged should no longer raise a shield of immunity in favor of the wrongdoer and thus defeat reasonable recovery for financial and other losses directly brought about as a result of the personal injury.

My view is that the ruling of the learned trial court should be affirmed.