BOMAN, Respondent v. JOHNSON, Appellant

(158 N.W.2d 528)

(File No. 10375.   Opinion filed May 1, 1968)

**Morgan & Fuller,** Mitchell, for defendant and appellant.

**Shandorf & Bleeker,** Mitchell, for plaintiff and respondent.

ROBERTS,  Judge.

This is an action for personal injuries resulting from a rear-end collision between plaintiff's automobile stopped at a street intersection in compliance with a traffic signal and an automobile driven by defendant. Defendant by amended answer admitted that he was negligent in failing to maintain a proper lookout and that such failure was the proximate cause of the accident, but as an affirmative defense alleged that plaintiff was barred from recovery by reason of a release and settle-

ment agreement. The jury awarded $3,650. Motion for judgment notwithstanding the verdict or for new trial was made and denied. Judgment for plaintiff was entered and defendant has appealed.

Plaintiff contends that a substantial injury existed which was unknown to the parties and was not within their contemplation at the time of contracting for the release. Defendant claims that the release is clear and certain in its terms, that plaintiff released defendant from any and all claims for injury, known or unknown, resulting from the accident and that plaintiff had not rescinded the contract of release nor restored the consideration received by her from the defendant.

The accident occurred on August 20, 1962. Plaintiff did not appear to be seriously injured and was taken to her home after the accident, but later in the day was treated by her doctor at a hospital and released. On August 24 following she went to a hospital and according to her doctor "she had rest, and hot packs, and after about three days, she improved and was dismissed". Plaintiff returned to work for the first time after the accident on August 30. A few days later plaintiff was contacted by a representative of defendant's insurer who testified that he obtained the release on the basis of $75.00 for hospital and medical expenses and $125.00 to cover damage to plaintiff's automobile. Plaintiff signed and delivered the release stating that she released and forever discharged defendant from any and all claims, actions and demands which the plaintiff may have against the defendant or which may accrue on account of any and all known or unknown personal injuries and property damage in consequence of the accident. Plaintiff at the same time, September 5, 1962, signed a statement in the handwriting of the insurance adjuster reading: "I am 19 years of age, and live at 317 E. 4th Ave., Mitchell, S. D. I am the owner of a 1949 Ford 2-door sedan. On August 20, 1962 I was involved in an accident with this car on North Main St., Mitchell, South Dakota. I was going South on Main and came to a stop behind another car which had stopped for the stop sign at 2nd & Main. A third car suddenly hit mine from the rear and pushed

my car into the one ahead. Riding in the front seat was Sharon Van Gendren. She received a lump on her head but required no medical attention. As soon as the collision occurred I heard my neck snap and had some dizziness and pain in my neck. I was hospitalized for 2 days, August 24 to 26th and was treated at the hospital on the evening of the accident. I was treated by Dr. R. G. Gere. I have now been released from his care and feel good now except for an occasional headache. I have read the one page of this statement and it is true."

The plaintiff testified that she continued to have headaches and pain, but was unaware that she had sustained a serious injury. She returned in February, 1963, to Manhattan, Montana, where her parents resided. She consulted doctors on numerous occasions because of headaches and soreness and pain in her neck. Two physicians gave testimony bearing on the nature and extent of her injuries. Dr. Edmund L. King testified by deposition that he examined plaintiff and took X-rays and that his examination revealed "complications of a whiplash injury, a chronic cervical myositis, the result of an injury". Dr. R. G. Gere testified that plaintiff sustained a whiplash injury in the cervical area of the spine and that in his opinion injury was attributable to the collision in which plaintiff was involved.

The settlement was for an amount grossly inadequate for the injuries actually sustained and there was evidence that plaintiff did now know their actual nature and extent. The court applying the provisions of SDC 47.0241 concluded that the release would not preclude recovery for injuries not known or suspected to exist when the settlement was agreed upon. The section cited reads as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

"By the provisions of this statute," said this court in Petersen v. Kemper, 70 S.D. 427, 18 N.W.2d 294, "injuries which the claim-

ant does not know about or suspect to exist when a general release is given, are not included in the settlement if they are later found to be such that they would have affected the settlement had they been known. * * * This statutory rule is also the rule in equity. * * * Neither the statute nor the equity rule referred to above applies to aftereffects or unexpected consequences of injuries known to exist at the time the release was made. As to them the release is binding and conclusive, subject to legal and equitable defenses applicable to contracts generally."

Numerous decisions are cited in the annotation in 71 A.L.R.2d 82 in support of the following conclusions: "The general rule that a mutual mistake as to a material fact inducing the execution of a contract may be a ground for relief from its enforcement has frequently been recognized as applicable in the situation where one who has executed a release of a claim for personal injuries seeks to avoid its effect on the ground that the release was given and taken under a mutual mistake as to the nature and extent of the releasee's injuries."

The annotation referred to at page 165 also states: "The fact that the compensation received for a release was grossly inadequate for the injuries actually incurred has frequently been referred to as at least a factor indicating that the release was not understandingly given, and so supporting a claim of misrepresentation or mistake."

■ Defendant emphasizes the statement in the release to the effect that it includes "unknown" injuries. In Aronovitch v. Levy, 238 Minn. 237, 56 N.W.2d 570, 34 A.L.R.2d 1306, which was also an action for personal injuries, the court stated the rule which is applicable to the contention here presented as follows: "Further that, even though a release expressly covers unknown injuries, it is not a bar to an action for such unknown injuries if it can be shown that such unknown injuries were not within the contemplation of the parties when the settlement was agreed upon, but that, if the parties did in fact intentionally agree upon a settlement for unknown injuries, such release will be binding.

Whether the parties intended the release to cover unknown injuries is usually a question of fact." See also Simons v. Schiek's, Inc., 275 Minn. 132, 145 N.W.2d 548.

■ It is further contended that the present action was prematurely commenced because there had been no rescission of the release nor restoration of the consideration received. Among the cases cited by defendant in support of this contention, the relief sought was a cancellation or setting aside of a contract on the ground of fraud, mistake, or other reason. Nilsson v. Krueger, 69 S.D. 312, 9 N.W.2d 783; Johnson v. Norfolk, 76 S.D. 565, 82 N.W.2d 656; Beatty v. Depue, 78 S.D. 395, 103 N.W.2d 187, 1 A.L.R.3d 531. As stated in Petersen v. Kemper, supra, California has the same statutory provisions (Civ.Code § 1542) as contained in section 47.0241, supra. In the case of Backus v. Sessions, 17 Cal.2d 380, 110 P.2d 51, a general release was signed by the plaintiff for personal injuries when he was not aware of an injury to the optic nerve of the left eye. The objection was made that defendants had not sought rescission nor return of the consideration received. The court recognized the rule that when the purpose of an action is to cancel or set aside a contract on the ground of fraud, mistake or other reason, then it is necessary to rescind the contract and tender back the consideration received prior to the commencement of the action, but points out that the rule does not apply where the plaintiff "is not attempting to avoid a contract which he made, but is showing that he did not make the contract which he apparently made". The present case is thus distinguishable from the cases relied on by defendant. The court on this basis instructed the jury that if an award be made, the amount received by the plaintiff at the time the release was signed must be taken into consideration in determining the amount of recovery. We hold that the case was properly submitted to the jury.

Judgment affirmed.

RENTTO, BIEGELMEIER and HOMEYER, JJ., concur.

HANSON, Presiding Judge (dissenting).

This court has heretofore indicated it favors the compromise and settlement of disputed claims outside of court. Johnson v. Norfolk, 76 S.D. 565, 82 N.W.2d 656, and settlement agreements and releases are contracts subject to rescission "for the same reasons as other contracts, including mistake of fact." Nilsson v. Krueger, 69 S.D. 312, 9 N.W.2d 783.

In this particular case plaintiff suffered injuries on August 20, 1962, as a result of an accident caused by defendant's negligence. At the time of the accident she felt her neck snap and experienced pain. Shortly thereafter she experienced pain in her neck, was bothered by headaches, had dizzy spells, and fainting spells for which she received medical care. On the 5th day of September, 1962, with these known injuries she signed a release of her claims against defendant. The present action was not commenced until September 22, 1965. According to paragraph IV of the complaint the injuries alleged are the identical injuries received and known by plaintiff at the time she signed the release.

This is not a case, therefore, of a complainant who has injuries she did not know about or suspect to exist at the time she signed the general release. According to SDC 47.0241 a general release does not extend "to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release." Plaintiff's injuries were all known to her and existed at the time she filed the release. In my opinion, therefore, this case falls squarely within the rule stated in Petersen v. Kemper, 70 S.D. 427, 18 N.W.2d 294, in which the court said "Neither the statute nor the equity rule referred to above applies to after effects or unexpected consequences of injuries known to exist at the time the release was made. As to them the release is binding and conclusive, subject to legal and equitable defenses applicable to contracts generally." This would appear to be the rule in California under an identical statute. In the recent case of Commercial Insurance Co. of Newark, New Jersey v. Copeland, 248 Cal.App.2d 561, 56 Cal.Rptr. 794, the California court held a general release extinguished plaintiff's cause of action where at the time the release was signed plaintiff had been

treated for a neck injury and also experienced some pain in the region of her lower back for which she did not receive medical treatment. After the release was signed the condition in her lower back became serious. The court said at the time plaintiff signed the release she was aware of the pain in her back and must have known it could have been caused by the accident, therefore, the release prevented further recovery.

Furthermore, in my opinion, as a matter of law, plaintiff is barred from recovery because of her failure to rescind promptly after discovering the nature and extent of her injuries. She waited nearly three years to commence her action during which time she held various kinds of employment, was married, did considerable traveling, and consulted with various doctors about her injuries and complaints.

The majority opinion cites the California case of Backus v. Sessions, 17 Cal.2d 380, 110 P.2d 51, as authority why the rules of rescission do not apply to this situation. Quoting therefrom it is said that plaintiff "is not attempting to avoid a contract which he made, but is showing that he did not make the contract which he apparently made." This rule has no application to the present facts. It applies to an injured person who is incompetent, dazed, or under opiates at the time the release is signed. In the Backus case plaintiff signed the release 24 hours after the accident, at which time he was suffering from a fractured wrist and ankle, bruised arm and back, injuries on the face, head and left eye, and concussion. He could not recognize his friends. He was in a dazed condition, opiates had been administered to him and the court found at the time the release was signed he was not competent and the release was void. Under these circumstances the court held the release did not settle his claim for impairment of vision and ultimate blindness which resulted from injuries to the optic nerve of which he had no knowledge at the time the release was signed.

In the present case there is no suggestion in the record that when plaintiff signed the release she was incompetent. Unfortunately she was an immature young girl and the settlement admittedly was grossly inadequate. However, after the long de-

lay in bringing action, she is not entitled to recover in accordance with our former rules, Nilsson v. Krueger, 69 S.D. 312, 9 N.W.2d 783, and Petersen v. Kemper, 70 S.D. 427, 18 N.W.2d 294. I would reverse.